BERNARD HAEGER, Respondent, v. NATHAN MARCUS, Appellant.

April 23, 1878.

The remedy under our statute for the claim and delivery of personal property cannot be pursued where there has been no seizure of the property, where the property was not in the defendant's possession when the suit was brought, and where the constable obtained a delivery-bond from a defendant who was not in possession of the property claimed, there is no foundation for a judgment, and the cause should be dismissed

APPEAL from St. Louis Circuit Court.

*Reversed and dismissed.*

LIGHTHIZER and A. J. ARNSTEIN, for appellant, cited: *Dillard* v. *Railroad Co.*, 58 Mo. 69; *Bridle* v. *Green*, 42 Mo. 359; *Shields* v. *Stillman*, 48 Mo. 82.

Hayden, J., delivered the opinion of the court.

This is an action brought before a justice of the peace, under the statute relating to the claim and delivery of personal property. The property, a horse and wagon, was not found by the constable, and was not in possession of the defendant when the suit was brought and order of delivery issued. The constable, however, obtained a delivery-bond from the defendant, — the defendant, as he states, not knowing what he signed when he signed the bond. The constable's return was, "not found;" but the justice gave judgment that the plaintiff recover possession of the property, or its value, and $50 damages.

On the trial in the court below, there was evidence tending to show that the property belonged to the plaintiff, and that he sent it to the defendant to be used by the latter for a short time; while the defendant, being called as a witness for the plaintiff, testified that the property was sent to witness by the plaintiff in payment of a debt which the plaintiff owed the witness. The defendant further testified that as soon as he got the horse and wagon he sold them, and that they were taken to the South. The plaintiff offered in evidence the delivery-bond returned by the constable; which was objected to as incompetent, but admitted. A demurrer to the evidence was overruled; and, the defendant standing on his demurrer, the court below assessed the value of the property, and damages for detention, and gave judgment against the defendant and the sureties in his appeal-bond for the recovery of the property, or, if the plaintiff so elected, for the value and for damages.

This case should have been dismissed, not tried. The justice had no right to render any such judgment as he did upon the case before him. The constable never took the property, and it does not appear that when, or at any time after, the suit was brought, the property was in the defendant's possession. That bond was given amounts to nothing, as the law prescribes under what conditions the officer

may require and the defendant shall deliver a bond, and as the statutory conditions did not exist in this case. Wag. Stat. 818, sec. 7.

The statute then in force prescribed that "if the defendant fail in his defence, the judgment shall be that the plaintiff recover the said property, with damages for the taking and detention, or the detention thereof, and all injuries thereto, with costs of suit." Wag. Stat. 820, sec. 18. It is obvious that the judgment rendered does not conform to this provision; but the error lies further back. The section just quoted, like the other sections referred to, implies that the property was in the 'possession of the defendant. Where, as in the present case, the property was not in the defendant's possession, and where the officer never saw it, and had no custody or control over it, there is no foundation for a judgment under the Claim and Delivery Act. To suppose that a plaintiff may pursue the present form of action independently of any seizure of property, and then, under a statute which prescribes a special judgment implying possession of the property to have been in one party or the other, may recover, not as he would have done in a replevin, but as he would have done in trover or trespass, is obviously to confound the present with a different form of action. Wag. Stat. 1026, secs. 11–14.

The judgment of the court below is reversed and the proceeding dismissed. All the judges concur.