JAMES HARRIS, Respondent, v. ASA TURNER AND JOHN L HOUCK, Appellants.

1. *Forcible entry and detainer — Entry and planting crops on lands of another — Forcible ouster — Remedy.*—Where A. had entered upon the land of B. and planted a crop, and was in peaceable possession of the same, no superior right of B. could justify him in ousting A. by force; and in case of such ouster, A. would be entitled to recover possession in an action for forcible entry and detainer.

2. *Forcible entry and detainer — Occupancy of part of tract of land — How construed as to whole tract, in first instance — How in case of intrusion.*— The occupancy of a part of an inclosure by planting crops would naturally be construed as indicating an intention to hold possession of the whole field, and it would be sufficient for the purpose of an action of forcible entry and detainer to show such possession in the first instance; but where plaintiff was shown to be a mere intruder, the rule is different, and his possession should be held to be confined to the land actually in cultivation.

*Appeal from Fourth District Court.*

*Carr & Easley*, for appellants.

*Burgess*, for respondent.

BLISS, Judge, delivered the opinion of the court.

This is an action of forcible entry and detainer, and the defenses, as embodied in various declarations of law, were all overruled by the court. First it was urged that the plaintiff's entry was wrongful, and hence he could not maintain the action. He went into a field near his cabin, and, without leave, plowed, and planted about eight acres in corn and potatoes. No right to thus enter appears, and the question is presented whether a person thus in possession can maintain this action against one who forcibly dispossessed him, even though the dispossessor had a right to the possession.

The construction of the statute in this regard has been uniform. The property rights of the parties can not be decided in this form of action. If the plaintiff was in peaceable possession, whether rightfully or wrongfully, the defendants had no right to forcibly dispossess him. If their statements in regard to his entry are correct, they could in a few days have lawfully turned him out, and a loss of his crops would have been the penalty for his wrongful entry. To permit men to redress their own wrongs by forcibly turning out those who had wrongfully obtained possession of lands, would defeat one of the objects of the statute. It is an act of peace, and designed to prevent its breach, and the courts of the State have ever given it a construction that should remove all excuse or temptation for men to take the law into their own hands. If, therefore, the plaintiff had entered upon the land and planted a crop, and was in peaceable possession of the same, no superior right of defendants could justify them in ousting him by force. (King's Adm'r v. St. Louis Gaslight Co., 34 Mo. 343; Krevet v. Meyer, 24 Mo. 110; Beeler v. Cardwell, 39 Mo. 72.)

But the court committed an error in rendering a judgment for the whole quarter-section in connection with its refusal to give

the following declaration of law asked by defendants, to-wit: "If the court, sitting as a jury, find that the plaintiff has failed to show any authority to 'enter upon said premises, or any color of title thereto, then his possession is confined to that portion of the field in his actual occupancy; and, should the court find for the plaintiff, he is entitled to recover only such portion of the field as the evidence shows him to have been in the actual occupancy of." This declaration was not strictly correct as an abstract proposition, for the occupancy of part of an inclosure by cropping would naturally be construed as indicating an intention to hold possession of the whole field; and it would be sufficient to show such possession in the first instance. Still, with the undoubted facts of this case, the judgment was altogether too comprehensive. It included not only the eight or ten acres planted by the plaintiff, and the whole field, but the balance of the 160 acres, including the cabin occupied by him. As a mere intruder the plaintiff's possession should be held to have been confined to the land actually in cultivation; and if the declaration of law had been predicated upon an unlawful entry by the plaintiff, it would have been strictly correct. But it will not do to say, where a plaintiff in this form of action relies in the first instance upon possession only, without exhibiting or claiming authority or title, such possession shall, under that state of facts, be held to have been only of that part of a field he has actually planted. But if the evidence shows an unlawful intrusion by the plaintiff, his possession should be restricted to what he actually occupies. In the latter case he should certainly not be held to be possessed of more than he has actually seized. It is going a great way to give him any standing at all in court, and no constructive advantage should be given him.

If we had a description of the land planted by the plaintiff we would reform the judgment instead of sending the case back. But the record fails to advise us with sufficient certainty in regard to it; nor are we able to say, as suggested by counsel, that the judgment, extensive as it is, will not harm the defendants.

The other judges concurring, the judgment is reversed and the cause remanded.