NATHANIEL JENKINS, Respondent, v. M. L. McCoy, Appellant.

1. *Damages — Crop — Trespass — Measure of damages, etc.*— The grantee of land has no title to a crop cultivated and removed therefrom by a third person. The latter would be a trespasser, but the value of what he removed would not be the measure of damages, and while he harvested the crop he held the actual possession; and, in case the grantee took possession, could have ousted him by an action of forcible entry and detainer, notwithstanding the fact that the person harvesting was a trespasser.

*Appeal from Henry Circuit Court.*

*F. B. Wright* and *B. G. Boone*, for appellant.

*McBeth & Price*, for respondent.

Defendant, being an intruder, cannot show want of title in plaintiff. The possession of plaintiff being proven, is sufficient to maintain trespass. (30 Mo. 442.)

BLISS, Judge, delivered the opinion of the court.

The plaintiff had purchased a farm of one Fisher, and upon it was a growing crop of corn planted by defendant, who removed it after the purchase. This suit is to recover the value of the corn, upon the assumption that McCoy was a trespasser and had no rights in the crop so raised. Much of the record is filled with evidence tending to prove that McCoy had a license from Fisher to enter and plant the crop, but in our view it is unnecessary to consider the evidence and the instructions touching its application.

The plaintiff purchased and moved upon the farm in August, and admitting that defendant was a mere trespasser, does it follow that the crop when matured became the property of plaintiff? The plaintiff has all the rights of Fisher, of whom he purchased,

Jenkins v. McCoy.

and if the latter had planted the crop it would pass with the deed, and whoever afterwards should remove it would be liable for its value.

But the land having been planted and cultivated by a stranger, and without the consent of Fisher, would he himself, had he never sold the farm, have any right to the value of the matured crop, had the trespasser succeeded in securing it? I think not. The defendant was a trespasser, but the value of what he raised is not the measure of damages. And besides, in the present case, when the defendant harvested the corn, he was in possession of the field in which it was raised. It had never been abandoned, and no actual possession had been taken by the plaintiff. The constructive possession of title would be good had not defendant been in actual occupancy, which occupancy continued until the crop was removed. Had the plaintiff taken possession he could have been turned out by an action for forcible entry, notwithstanding defendant was a trespasser. (Harris v. Turner, 46 Mo. 438.) I know of no principle that would give him a title to what had been raised and removed, so as to make defendant liable, not for the use of the property, but for the value of the crop.

The plaintiff has been misled by the principle that the purchaser took all that was owned by the vendor, and stands in his shoes. As the vendor himself did not own the corn, neither did he sell it to the plaintiff. The trespasser should never have been suffered to raise and harvest his crop. He could have been ejected at any time. But having been permitted to do so, its value is not the measure of damages.

The judgment is reversed and the petition dismissed. The other judges concur.