ADAMS, *Appellant,* v. LEIP.

**Title to Crop, as between Owner and Occupant of the Land.**
One who sows, cultivates and harvests a crop upon land of another, is entitled to the crop as against the owner of the land, whether he came to the possession of the land lawfully or not, provided he remains in possession till the crop is harvested.

*Appeal from Lafayette Circuit Court.*—HON. WM. T. WOOD, Judge.

AFFIRMED.

*Wallace & Chiles* for appellant.

*Jno. S. Blackwell* and *Rathbun & Shewalter* for respondent.

| | |
|---|---|
| 71 | 597 |
| 32a | 93 |
| 32a | 275 |
| 71 | 597 |
| 101 | 648 |
| 40a | 352 |
| 40a | 354 |
| 71 | 597 |
| 48a | 433 |
| 71 | 597 |
| 49a | 506 |
| 71 | 597 |
| 66a | 173 |
| 71 | 597 |
| 84a | 410 |
| 71 | 597 |
| e96a | 446 |

NORTON, J.—This is a suit for the recovery of the possession of 1,205 shocks of wheat, which plaintiff claims in virtue of his ownership of the land on which it was grown. Defendant denies plaintiff's right to it, and alleges that, at the time of the institution of the suit and long prior thereto, he was in possession of the land on which the wheat was grown, and that the wheat had been sown, raised, harvested and put in the shock by him. On the trial of the cause defendant obtained judgment, from which plaintiff has appealed, and seeks a reversal thereof because of alleged errors in the reception and rejection of evidence and in giving and refusing instructions. The evidence in the case clearly shows that the wheat in question was sown in the fall of 1875 on land owned by W. M. Samuel, and that it was harvested and put in shocks by the defendant. It also shows that between the time of sowing and harvesting, Samuel sold and conveyed the land upon which it was sown to Mr. Adams, the plaintiff.

Upon these facts alone, without regard to the question whether defendant was either a licensee or tenant of Samuel, or a mere trespasser in taking possession of the land, under the principle announced by this court in the cases of *Jenkins v. McCoy*, 50 Mo. 349; *Harris v. Turner et al.*, 46 Mo. 435; *Morgner v. Biggs*, 46 Mo. 66, defendant was entitled to recover, provided there was no abandonment by defendant of the possession of the field on which the wheat was sown. The questions as to whether the possession of said field had been abandoned by defendant before the wheat was harvested, and whether possession, after such abandonment, had been taken by plaintiff, were solely for the determination of the jury, and these questions having been fairly submitted to them in the instructions given by the court, and they having found these issues for defendant, we are not at liberty to interfere with their finding, as there was evidence on both sides of these questions. The instructions that were given placed the case before the

jury on the principle as enunciated in the cases above cited, and as the instructions asked by plaintiff ignored that principle they were properly refused. In this view of the case it is wholly unnecessary to notice the various objections to the evidence received by the court tending to show that defendant went upon the land as a tenant of Samuel or with the expectation of becoming a purchaser of it. Upon the whole case we perceive no substantial error, and with the concurrence of the other judges the judgment is affirmed.