## G. Y. SALMON, Respondent, v. H. P. FEWELL, Appellant.

### March 23, 1885.

1. GROWING CROP—RIGHT TO, AS BETWEEN MORTGAGEOR AND MORTGAGEE —RIGHTS OF PURCHASER AT SALE OF MORTGAGED PROPERTY.—Until the mortgagee enters for breach of condition the mortgageor owns the estate, and he has a right to lease and collect rent as owner so long as he is allowed to remain in possession, but he cannot impair the rights of the mortgagee; and every person taking under him will hold subject to the mortgage and to all the rights of the mortgagee. And even where an execution is levied on a growing crop, as a part of the realty subject to execution, in which case a sale gives the purchaser a right to enter and harvest against a judgment debtor, a prior mortgage of the land takes precedence of the execution, and carries both the land and crop. A purchaser of land at a sale thereof, under a mortgage, becomes entitled to the possession of the land and to all the crops then growing thereon; and the lessee holding the land under a lease from the mortgageor, made subsequently to the mortgage, without the concurrence of the mortgagee has no greater right to the growing crops than the mortgageor. Following *Steele & Co.* v. *Farber*, 37 Mo. 80; see also Jones on Mortgages, sects. 780 and 697.

2. SAME—REMEDY OF PURCHASER AT A FORECLOSURE SALE.—A pur-

chaser of land at a foreclosure sale may maintain *replevin* against the mortgagor or his lessee for the crops growing on said land at the time of the sale ; and the fact that the mortgagee was himself the purchaser does not alter the rule, and replevin will lie for ungathered corn standing in the field. Following *Garth* v. *Caldwell*, 72 Mo. 627 ; see also Jones on Mortgages, sect. 697.

APPEAL from Henry Circuit Court, HON. J. B. GANTT, Judge.

*Affirmed.*

Statement of case by the court.

This is an action of replevin for the recovery of the possession of two thousand bushels of corn matured on the stalk in the field, on certain described premises. The case is tried upon the following agreed statement of facts.

1. That on the 30th day of June, 1869, one David Moore was the owner of the land on which the crop of corn in controversy was grown. That on said day he and his wife executed a mortgage to the plaintiff on said land, to secure the payment of several promissory notes, owing by said David Moore to plaintiff. That said notes remained unpaid, and being past due the plaintiff, on the 26th day of November, 1880, filed his petition in the circuit court to foreclose said mortgage. That judgment of foreclosure was rendered therein at the April term, 1881, of said court. That under a special execution issued therefrom, the said premises were sold by the sheriff of said county on the 10th day of August, 1881, during a session of said court. That at said sale the plaintiff became the purchaser of said premises, and on the 13th of said month received a deed from the sheriff which was duly filed for record on the 31st day of August, 1881, in the recorder's office of the proper county.

2. That on or about the 3rd day of March, 1881, said Moore leased said land to the defendant, his son-in-law, for one year therefrom, without the concurrence of the plaintiff. That the defendant then paid said Moore said rent. That at the time of the making of said contract of rent, the defendant had notice of the existence of said

mortgage, and that the same was past due, and that the said suit for the foreclosure thereof was pending.

3.  That on or about the 17th day of August, 1881, after said sale and delivery of the sheriff's deed as aforesaid, the plaintiff served written notice on the defendant, notifying him of his said purchase of said land under said mortgage and decree of foreclosure, and notifying him not to move or dispose of any of the growing crop then standing or growing on said land, and also demanding possession of the crop of corn then standing on said land, which defendant refused to let the plaintiff have.  That on the 10th day of October, 1881, while said crop of corn was still standing on said land matured, the plaintiff brought this action of replevin and the same was afterwards, on the 22d day of November, 1881, taken possession of by the sheriff under the order or writ of replevin issued on said petition and turned over to the plaintiff who retc ins the possession of the proceeds thereof.

4.  The crop of corn aforesaid was planted and cultivated by defendant under his lease of said premises, which premises he continued to hold as said lessee up to the time of said replevin suit.

5.  In the advertisement of sale, no mention was made of any crops, nor was there any mention thereof made by the sheriff at the time of the sale.

At the time of the purchase plaintiff knew that defendant was in possession as tenant of the mortgageor, and no action was commenced by plaintiff to recover the possession after the foreclosure sale.

Defendant then offered evidence tending to show that the crop was mature at the time of the sale, and plaintiff offered evidence tending to show that the same was not mature at the time of the sale.  The court found that said crop at the time of the sale was not mature.

The court found for plaintiff, and the defendant has brought the case here by appeal.

The defendant asks a reversal for the following reasons :

1st.  Because the crop did not pass by the foreclosure sale..

2nd. Because replevin will not lie for ungathered corn standing in the field.

M. A. FYKE, for the appellant.

I. The principal question in this case is, whether the purchaser, at the foreclosure sale of the land upon which the crop was grown, by his purchase acquired title to the crop. Appellant contends that the crop did not pass by the sale.—*Adams* v. *Leip*, 71 Mo. 597; *Garth* v. *Caldwell*, 72 Mo. 622; *White* v. *Wear*, 4 Mo. Appeal Reports, 341.

II. No demand was made for the crop until after the sale, and no demand was made for possession prior to the commencement of the replevin suit.—*Kennett* v. *Plummer*, 28 Mo. 142; *Gilman* v. *Telegraph Co.*, 91 U. S. 603.

III. The supreme court of Iowa makes a distinction between mature crops and crops immature (*Hecht* v. *Dettman*, 56 Iowa 679), holding that the former (mature) are personal chattels and do not pass, and that the latter (immature) are part of the realty and therefore pass. No such distinction can be made under the decision of *Garth* v. *Caldwell* (72 Mo. 622).

IV. The next question is, will replevin lie for ungathered corn standing in the field? The supreme court of this state, in *Jones* v. *Dodge* (61 Mo. 368), seemed to decide that replevin was not maintainable in such cases.

F. E. SAVAGE for the respondent.

I. Fewell was lessee of Moore, the mortgageor. As such lessee he stood in the same relation to the premises as if the mortgageor had planted the crop. He took it subject to all the rights of the mortgagee, and with all the burdens which attached to the lands in the hands of the mortgageor.—Jones on Mortgages, 3rd ed. sect. 780; *Downard* v. *Groff*, 40 Iowa 597.

II. The court found that at the time of the foreclosure of the mortgage, the crop was not mature, but was growing as appurtenant to the soil. As such it passed as part of freehold to plaintiff.—Cases above; *Shepherd* v. *Phillbrick*, 2 Denio 174; *Curry* v. *Schmidt*, 54 Mo. 515.

III. Replevin will lie in this case. This was the

action resorted to and sustained in the following cases:
*Scriven* v. *Moote*, 36 Mich. 65 ; *Jones* v. *Thomas*, 8 Black
426 ; *Anderson* v. *Strauss*, 98 Illinois 435 ; *Hecht* v.
*Dettman*, 56 Iowa 679 ; *Rowell* v. *Klein*, 44 Indiana 291 ;
*Daniels* v. *Pond*, 21 Pick. 371.

IV.   The case of *Garth* v. *Caldwell* (72 Mo. 622) virtually overruled *Jones* v. *Dodge* (61 Mo. 368), and holds
that replevin will lie to recover the crop.

Opinion by HALL, J.

## I.

The rule "that until the mortgagee enters for breach
of condition the mortgageor owns the estate and he has a
right to lease and collect rent as owner so long as he is allowed to remain in possession" (*White* v. *Wear*, 4 Mo.
App. Rep. 341), relied upon by defendant is not a new rule,
and must be considered in connection with this further
statement of it in *Kennett* v. *Plummer* (28 Mo. 146):
"of course he (the mortgageor) cannot impair the rights
of the mortgagee, and every person taking under him
will hold subject to the mortgage and to all the rights of
the mortgagee." So in this case until foreclosure the
mortgageor had the right to lease the land, but only to
lease it subject to the mortgage.

To further support the first proposition the defendant
has cited the following cases : *Adams* v. *Leip* (71 Mo.
597) ; *Jenkins* v. *McCoy* (50 Mo. 349) ; *Harris* v. *Turner
et al.* (46 Mo. 438) ; *Morgan* v. *Briggs* (46 Mo. 66) ; *Garth*
v. *Caldwell* (72 Mo. 622) ; these cases are not in point.
In *Adams* v. *Leip*, the suit was for the recovery of the
possession of 1205 shocks of wheat, which plaintiff
claimed by virtue of his ownership of the land on which
it was grown.   The crop had been harvested and severed
from the soil.   In *Jenkins* v. *McCoy*, the plaintiff had
purchased a farm of one Fisher, and upon it at the time
of the sale was a growing crop planted by defendant,
who afterwards removed it, and the suit was to recover
the value of the corn upon the assumption that McCoy
was a trespasser and had no right in the crop so raised.

The court held: "I know of no principle that would give him (plaintiff) a title to what had been raised and removed, so as to make defendant liable not for the use of the property, but for the value of the crop." * * * "As the vendor himself did not own the corn, neither did he sell it to the plaintiff. The trespasser should never have been suffered to raise and harvest a crop, but having been permitted to do so, its value is not the measure of damages." In *Morgan* v. *Briggs*, the suit was a replevin suit for the recovery of the possession of two hundred bushels of wheat. The finding for the defendant was sustained on the ground that he had purchased the wheat from one Foster, who had had possession of the plaintiff's premises on which the wheat was grown for some two years, covering the period of the growing of the wheat, as the licensee of plaintiff, and that the wheat crop had been put in by Foster as such licensee, with the plaintiff's implied assent and approval, although the evidence failed to show the existence of a lease from the plaintiff to Foster. In this case also the crop had been harvested and severed from the soil. In *Harris* v. *Turner, et al.*, the action was an action of forcible entry and detainer, and it is simply decided therein "if the plaintiff was in peaceable possession whether rightfully or wrongfully, the defendants had no right to dispossess him." * * * . "And if, therefore, the plaintiff had entered upon the land and planted a crop, and was in peaceable possession of the same, no superior right of defendants could justify them in ousting him by force."

In these cases, except the last one, which is in no way applicable to this case, it is decided that from a trespasser who cultivates a piece of land, who harvests a crop grown thereon, and severs the same from the soil, the crop cannot be taken in replevin by the owner of the land. It is not, however, decided in said cases, nor does it follow as a conclusion therefrom that the owner of the land cannot maintain replevin against the trespasser for the possession of a crop while growing in the soil. It will be observed too that in none of these cases did the

owner of the land notify the trespasser not to move the crop while growing in and unsevered from the soil. Nor did the owner of the land in any of these cases demand the crop growing on the land. In this case the plaintiff did both.

In *Garth* v. *Caldwell* (72 Mo. 622), by holding "that annual crops raised by yearly labor and cultivation or *fructus industriales* are to be regarded as personal chattels, independent of and distinct from the land, capable of being sold by oral contract, and this without regard to whether the crops are growing, or, having matured, have ceased to derive any nutriment from the soil," the court did not touch or affect the principle that a growing crop passes to a purchaser of the land at a sale thereof under a mortgage. In *Shepard* v. *Philbrick* (2 *Denio* 474), the court held as follows: "A growing crop raised annually by labor and cultivation, is, as it respects an execution against the owner, a mere chattel, and subject as such to be taken and sold under it. A purchaser on such sale acquires the rights and interests of the defendant in the execution to the crop, with the right of ingress, egress, and regress for the purpose of gathering and carrying it away. The title and interest of right (mortgageors) in the crop of wheat in question growing upon the mortgaged premises, was entirely subject to and liable to be divested by a foreclosure and sale under the mortgage to Greene. The crop, as well as the land, was a security for the mortgage debt, and on the sale of the land under the mortgage, passed to the purchaser, that being the paramount title to Philbrick's title, acquired under the execution." In this case it will be seen that the court first lays down the doctrine of the case of *Garth* v. *Caldwell*, above, in substantially the same terms used therein, and then concludes that a growing crop of wheat does pass to the purchaser of the land at a sale thereof under a mortgage, a conclusion against which the defendant contends.

Against the doctrine of this case of *Shepard* v. *Philbrick*, above, there is no Missouri authority, but in favor

of it there is authority in Missouri, and much authority elsewhere. Of it, in the case of *Steele, etc.,* v. *Farber et al.* (37 Mo. 80), the following statement is made and approved: "Even where an execution is levied on a growing crop, as a part of the realty subject to execution, in which case a sale gives the purchaser a right to enter and harvest against the judgment debtor, a prior mortgage of the land takes precedence of the execution, and carries both land and crop."

A purchaser of land at a sale thereof under a mortgage, becomes entitled to the possession of the land, and to all the crops then growing thereon; and the lessee holding the land under a lease from the mortgageor, made subsequently to the mortgage, without the concurrence of the mortgagee, has no greater right to the growing crop than the mortgageor.—Jones on Mortgages, sect. 780, and authorities cited.

The mortgageor, until foreclosure or possession taken by the mortgagee, is entitled to the growing crop, and when they are severed, has an absolute right to them. They are covered by the mortgage until severed but belong to the mortgageor afterwards.—Jones on Mortgages, sect. 697, and cases cited.

The lessee of the mortgagor stands in place of the mortgageor. He has all, but only all, the rights of the mortgageor.

A purchaser of land at a foreclosure sale is entitled to the crops growing at the time of the sale.—*Shepard* v. *Philbrick*, 2 Denio 175; cited and approved in *Steele, etc.,* v. *Farber et al.*, 37 Mo. 80; Jones on Mortgages, sect. 697.

And a purchaser of land at a foreclosure sale may maintain replevin against the mortgageor or his lessee for the crops growing on said land at the time of the sale.—Jones on Mortgages, sect. 697. The fact that the mortgagee was himself the purchaser does not alter the rule. —Same authority.

In this case, where there was a sale of the land under the foreclosure of the mortgage; where the plaintiff, the

mortgagee, purchased the land at that sale; where the defendant was the lessee of the mortgageor under a lease made subsequently to the mortgage; and where the crop growing on the land was not mature at the time of the sale, we are clearly of the opinion that the crop passed with the land to the plaintiff.—*Howell* v. *Skink*, 4 Zab. (N. J.) 92; *Downard* v. *Groff*, 40 Iowa 597; *Crews* v. *Pendleton*, 1 Leigh 305; *Ling* v. *King*, 8 Wend. 585; *Scriven* v. *Moote*, 36 Mich. 66; *Anderson. et al.* v. *Strauss*, 98 Ill. 490; *Jones* v. *Thomas*, 8. Blackf. 428; *Aldrich* v. *Reynolds*, 1 Barb. Ch. 615.

## II.

Replevin will lie for ungathered corn standing in the field.—*Garth* v. *Caldwell*, 72 Mo. 627; *Scriven* v. *Moote*, 46 Mich. 66. Especially will a replevin lie in this case in which it was admitted that the corn was mature at the time of the bringing of the action. *Hecht.* v. *Dettman*, 56 Iowa 679.

The judgment of the circuit court is affirmed. Judge Ellison concurs; Judge Philips not sitting.