PERMELIA McALLISTER *et al.*, Appellants, v. WILLIAM
C. LAWLER *et al.*, Respondents.

St. Louis Court of Appeals, October 16, 1888.

**Replevin :** SEVERED CROP. An action of replevin will not lie in favor of the owner of land, for a crop grown on and severed from the soil by a person in actual possession.

*Appeal from the Pike Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*Elijah Robinson* and *Reuben F. Roy*, for the appellants.

The wheat in controversy was growing upon the mortgaged premises, and was not mature at the time of the foreclosure sale under the deed of trust, to-wit, on March 8, 1886, and the plaintiff by her purchase at said sale acquired the title to the wheat. *Salmon v. Fewell*, 17 Mo. App. 118; *Shepard v. Philbrick*, 2 Denio, 175; *Lane v. King*, 8 Wend. 584; *Jones v. Thomas*, 8 Blackf. 428; Jones on Mortgages, sec. 697. By the foreclosure sale the relation of mortgageor and mortgagee ceased, and the title to the land and the growing crop thereon passed to the purchaser, and the defendants having had the benefit of the value of the crops in the reduction of their debt by said sale, cannot after such sale claim the benefit of the rule which permits the mortgagee while in possession to harvest and remove the crop. *Crews v. Pendleton*, 1 Leigh, 297; *Gillett v. Balcom*, 6 Barb. 370; *Lane v. King*, 8 Wend. 584; *Salmon v. Fewell*, *supra*.

*Smith & Hostetter*, for the respondents.

The undisputed evidence in this case shows that the defendants were at the time of the replevin suit, and had been for more than two years, in the possession of the premises upon which the wheat was grown, and that they had harvested the same. Under this state of facts the plaintiffs cannot recover. *Adams v. Leip*, 71 Mo. 349 ; *Jenkins v. McCoy*, 50 Mo. 349 ; *Harris v. Turner*, 46 Mo. 438 ; *Morgnes v. Briggs*, 46 Mo. 66.

PEERS, J., delivered the opinion of the court.

This is an action in replevin for a crop of wheat standing in the shock, which plaintiffs claim by reason of their ownership of the land on which the wheat was grown. The suit was begun in Ralls county on the thirtieth day of June, 1886, and by change of venue transferred to and tried in the circuit court of Pike county. From the record it seems that plaintiffs had a deed of trust on the land given by defendants on the fourth of September, 1883, which was foreclosed by the trustee on the eighth of March, 1886, and the plaintiffs became the purchasers. At this time the wheat crop in controversy was growing upon the premises. Defendants remained in possession after the sale, harvested the wheat crop and put it in shock. There is no question about the wheat being sown, raised, harvested, and put in the shock by the defendants while in possession of this land, nor was there any abandonment by defendants of the possession of the land on which the wheat was grown.

On the trial of the cause defendants had judgment, from which plaintiffs appealed, and seek a reversal thereof because of alleged errors in the reception and rejection of evidence, and in giving and refusing of instructions.

Upon the facts alone, without regard to the question whether the defendants were the mortgageors,

licensees, tenants, or mere trespassers under the decisions of the supreme court, as laid down in *Adams v. Leip*, 71 Mo. 597; *Jenkins v. McCoy*, 50 Mo. 348; *Harris v. Turner*, 46 Mo. 438; *Morgner v. Biggs*, 46 Mo. 66, the defendants were entitled to recover. We have not overlooked the case of *Salmon v. Fewell*, 17 Mo. App. 118, which is not in conflict with the decisions cited above. In the one case the crop of corn was standing upon the premises at the time of the institution of the suit and the levy of the writ, while in the case at bar the crop had been harvested and severed from the soil.

He who is in possession of and cultivates a piece of land and harvests a crop grown thereon, and severs the same from the soil, cannot be dispossessed of said crop by the owner of the land in an action of replevin. This we consider the well-settled law of this state.

The instructions given by the trial court placed the case before the jury on the principles laid down by the supreme court in the cases cited, while those asked by the plaintiffs ignored those principles, and were properly refused.

The judgment will be affirmed. ROMBAUER, P. J., concurs; THOMPSON, J., is absent.