GEORGE OYSTER, Respondent, v. WILLIAM E. OYSTER, Appellant.

St. Louis Court of Appeals, October 30, 1888.

1. Ejectment: OUSTER. An ouster under judgment and execution in ejectment, against the head of a family residing on the land, includes an ouster of the several members of his family residing with him.

2. Ejectment: OWNERSHIP OF CROP. If, after a judgment in ejectment. the unsuccessful defendant, or a member of his family, sow a crop on the land, and, after ouster under the execution, cut and stack it on the land, the judgment owner may maintain replevin for recovery of the crop.

*Appeal from the Lewis Circuit Court.*—HON. BEN. E. TURNER, Judge.

AFFIRMED.

*Blair & Marchand* and *James H. Anderson*, for the appellant.

A growing annual crop produced by sowing, planting and reaping is not realty, and does not pass by a deed to the land. A distinction is made between grass, timber, etc., and annual crops. The former are an interest in lands, the latter are chattels. At common law, a growing crop produced by labor and expense of the occupier of the lands, was, as the representative of that labor and expense, considered as an independent chattel. *Garth v. Caldwell*, 72 Mo. 622; Benjamin on Sales, secs. 120, 121, 122, 129; Littleton, sec. 68: "If the lessee soweth the land and the lessor after it is sown and before the corn is ripe put him out, yet the lessee shall have the corn and shall have free entry, egress and regress to cut and carry away the corn." *Everingham v. Braden*, 58 Ia. 53; Story on Sales, sec. 263*a;* *Whippel v. Foot*, 2 Johns. 421 and note; *Green v. Armstrong*, 1 Denio, 551, 556; *Kingles v. Holbrook*, 45 N. H. 313; *Bryant v. Crosby*, 40 Me. 22; *Ross v. Welsh*, 11 Gray, 235; *Purney v. Piercy*, 40 Md. 212; Langdell's Cases on Sales, 46, 66, 73. The grantee of land has no title to crop cultivated on and removed therefrom. *Jenkins v. McCoy*, 50 Mo. 348. Though a person be a trespasser, yet if he grow a crop on land he will be entitled to it. The value of the crop is not the measure of damages. *Jenkins v. McCoy*, 50 Mo. 348; *Harris v. Turner*, 46 Mo. 438; *King v. Gas Co.*, 34 Mo. 343; *Krenet v. Meyer*, 24 Mo. 110; *Bieler v. Cardwell*, 39 Mo. 72. A judgment in ejectment is not binding on a person not a party. *Dugge v. Slumpe*, 73 Mo. 513; *Atkinson v. Dixon*, 89 Mo. 464.

*Anderson & Schofield*, for the respondent.

Granting for the moment that the actual ownership of the wheat vested in defendant as "*fructus industriales*," as argued by appellant, such ownership would

not authorize him, after an abandonment of the possession, to enter the premises then in the actual possession of another, and with force and arms regain what a lawful writ had dispossessed him of. *Harrison v. Turner*, 46 Mo. 438; *King v. Gas Co.*, 34 Mo. 34; *Krevit v. Myer*, 24 Mo. 107; *Emerson v. Sturgeon*, 59 Mo. 404. While it may be admitted that the growing corn was "*fructus industriales*," we emphatically deny the correctness of the proposition, that "though a person be a trespasser, yet if he grow a crop on land he will be entitled to it as against the owner." It may be in such case "if the trespasser succeed in removing the crop before the owner secure possession of the land, the owner could not maintain replevin, and that the value of the crop would not be the measure of his damage." But, as in this case, if the owner acquire the lawful possession of the land before the crop is removed, could the trespasser enter and take it? Certainly not. *Jenkins v. McCoy*, 50 Mo. 348; *Hover v. Hays*, 10 B. Mon. 72. "If a tenant has notice of ejectment against his landlord, and the suit is determined against his landlord, the plaintiff in ejectment may recover the crops by replevin if the tenant harvests them and refuses to deliver." Wells on Replevin, sec. 74. One who sows grain pending a suit for possession against his landlord, cannot take away the crop after judgment and surrender of possession in favor of plaintiff. *Rowell v. Klein*, 44 Ind. 290; 4 Wait's Actions and Defenses, 254. If the defendant was not in possession as the tenant of D. K. Oyster, then he was in by disseizin of him who had the legal title, viz., the plaintiff. In such case the plaintiff takes the crop, whether cut and on the premises or growing thereon, because he takes his former title, and the crop belongs to him and the disseizor can take nothing. *Hoover v. Mays*, 10 B. Mon. 72. The doctrine of emblements cannot be invoked in favor of defendant, for the right to emblements depends on the relation of landlord and tenant. Defendant disclaims any tenancy. He shows no title to the premises, nor makes

proof of any colorable title. He is therefore in wrongfully as against the plaintiff. "A mere tenant at sufferance, or one who occupies lands wrongfully, is not entitled to emblements." *Doe v. Turner*, 7 M. and W. 226 ; 2 Wait's Actions and Defenses, 223.

ROMBAUER, P. J., delivered the opinion of the court.

This is an action of replevin for the recovery of certain sheaves of wheat standing in shocks in the field where the wheat was harvested. The case was tried by the court without the intervention of a jury. At the close of the evidence the court declared that on the pleadings and evidence the verdict should be for plaintiff, and refused the instructions asked by the defendant. The only substantial question before us is whether the evidence offered by plaintiff as to his title and right of possession had been rebutted in any way by the defendant's evidence. If it had not been so rebutted then the judgment is for the right party and should not be disturbed, even though the result was reached by means which are technically not quite accurate.

The following facts are undisputed : In February, 1885, the plaintiff brought an action of ejectment against David K. Oyster, the defendant's father, for the recovery of one hundred and fifty-seven acres of land in section 1, township 60, range 6, which is the land on part of which the wheat was grown. In April, 1885, the plaintiff recovered judgment of ouster in the action against David K. Oyster, who immediately thereafter filed, in conjunction with his children, Wm. E. Oyster, the present defendant, and Mollie N. Oyster, a bill in equity against the plaintiff, the object of which was to declare and enforce certain trusts in this land for the benefit of Wm. E. and Mollie N. Oyster, and to restrain the plaintiff from taking possession of the land under the writ of restitution until a hearing could be had on the bill. Upon the filing of this bill the execution in the ejectment suit was recalled or stayed. The bill thus filed recited among other things that the said

David K. Oyster is still in possession of said one hundred and fifty-seven acres of land, and holding the same by the desire and consent of his said children for their use and benefit.

The plaintiff herein filed his plea of *res judicata* to this bill, which plea was sustained and the bill dismissed October 21, 1886, and the stay of execution granted in the ejectment suit was thereupon set aside.

On February 15, 1887, an execution was issued in the ejectment suit, and under this execution the United States marshal, March 2, 1887, put the plaintiff in possession of these one hundred and fifty-seven acres.

The defendant, prior to the year 1885, was a minor residing with his father and unmarried. There is nothing in the record to show that either prior or subsequent to that year his father ceased to be the head of the family, or that the existing relations in regard to the possession of this land changed in any manner after the defendant became of age. The exact date when defendant became of age does not appear ; it was some time in the year 1885, and as in April of that year the defendant brought his suit in equity in his own name, and not by guardian, it is fairly assumable that he was of age then.

The defendant gave evidence to the effect that ever since he was sixteen years of age he was in actual possession of this wheat land, exercised acts of ownership over it, sowed it and reaped the harvest without accounting to his father, etc., but in face of the admitted fact that the legal title was not in him, that he lived with his father who was the head of a family, on this very land, and that as late as April, 1885, in his bill of equity then filed he admits his father's possession and seeks to protect it, this evidence goes for naught. The question of the possession of the land is generally a mixed question of law and fact, but where all the facts bearing on the legal proposition are admitted it becomes a pure question of law.

The court, therefore, was bound to find under the

evidence, that at the date of the rendition of the judgment of ouster in 1885, and at the date of its execution in 1887, David K. Oyster and not Wm. E. Oyster was in possession of this land, and that when the U. S. marshal ousted David K. Oyster of that possession, the defendant Wm. E. Oyster, who was a member of his family, was likewise ousted. In fact, in face of the defendant's own admission, to the effect " when Pa was dispossessed I was," the evidence would leave no room for doubt on that subject, even if the law were otherwise.

It stands admitted that the wheat sought to be replevied was sown by the defendant in the fall of 1886, at a time when the judgment of ouster against his father was in full force, although execution thereon was suspended. It also stands admitted that this wheat field was inclosed in a common fence with other lands which were in the undisputed possession of plaintiff's tenant. It is further undenied that when the defendant signified his intention of entering and cutting this wheat he was warned by the plaintiff's agent that he would do so at his peril.

From these facts the following legal propositions necessarily result: If the defendant, either for himself or as agent for his father, had remained in continuous possession of the land whereon the wheat grew until he harvested it, and had then cut and removed it, it could not have been recovered from him in an action of replevin, even though he was a mere trespasser and had no title or legal claim to the possession. This was held in *Jenkins v. McCoy*, 50 Mo. 348 ; *Adams v. Leip*, 71 Mo. 598, and so decided by us at the present term in the case of *McAllister v. Lawler*, *ante*, p. 91. But when one wrongfully in possession of land abandons it while there are crops growing thereon planted or sown by himself, and the rightful owner takes possession of the land, there is no rule of law by which a right of property to the growing crop is recognized' in the vacating trespasser, and this is the present case. There

is no difference in principle between this case and the case of *Salmon v. Fewell*, 17 Mo. App. 118.

We think the court committed no error in refusing to submit to itself as a jury the question of defendant's continued possession, as requested to do by the defendant's instructions. We are inclined to hold that, under the admitted facts, that question was one of law, but even if we were mistaken in this proposition, as the case was tried by the court without the intervention of a jury, and as the court unquestionably reached the correct conclusion, its judgment would not be vacated even if it had erred in refusing instructions, the giving of which could have in no way affected the result. *Jackson v. Magruder*, 51 Mo. 55.

Judgment affirmed. Peers, J., concurs; Thompson, J., absent.