WILLIAM GOSSETT, Plaintiff in Error, v. JOSEPH DRYDALE, Defendant in Error.

Kansas City Court of Appeals, March 7, 1892.

1. Landlord and Tenant: RIGHT TO EMBLEMENTS AFTER END OF TERM. The right to carry away growing crops never exists where the tenancy is for years and is to terminate at the expiration of a certain period; for if, in such case, the tenant with his eyes open sows corn which he knows cannot become ripe until after the expiration of his lease the law will afford him no relief, and so with a tenant from year to year.

2. ———: POSSESSION: RIGHT TO CROP. Where a tenant shows no right to the possession of the land upon which the crop is grown, and fails to show he remained in possession and harvested the crop, he fails to show a right to the crop.

3. ———: TENANTS IN COMMON: REPLEVIN. A tenant who claims the crop as a tenant in common with his landlord cannot maintain replevin therefor.

4. ———: LANDLORD'S CONSENT: CONSIDERATION. Plaintiff, by an arrangement with A., the tenant of Z. for the year 1889, sowed wheat on Z.'s farm in that fall. After so doing he had a conversation with Z. who assented thereto, but subsequently rented the farm to the defendant for 1890. In an action over said wheat between plaintiff and defendant, the conversation between plaintiff and Z. adds nothing to plaintiff's right, as it is a barren conversation based on no consideration.

*Appeal from the Andrew Circuit Court.*—HON. CYRUS A. ANTHONY, Judge.

AFFIRMED.

*Heren & Ensor*, for plaintiff in error.

( 1 ) Plaintiff rightfully and lawfully plowed the ground and sowed his own wheat. It grew there with the knowledge of Drydale and Schuster to maturity, without notice or dissent from either, and by contract and assent from Schuster, as aforesaid. Plaintiff, in good faith, at the maturity of his crop goes to reap the reward of his labors, is met by defendant with locked gates and forbidden to enter the premises for the purpose of harvesting his crop; tells him such is the orders, without even telling him by whom. This action of defendant compelled plaintiff to abandon harvesting his wheat and reaping the rewards of his labor, without committing a trespass in breaking down the close; for which he was sensible and to be commended by all good men. These are the plain facts, as shown by the pleadings and record. ( 2 ) The court certainly did not rely upon the statute of frauds, for the reason that the statute was not pleaded, and in order to avail must be specifically pleaded. · *Donaldson v. Newman*, 9 Mo. App. 235 ; *Maybee v. Moore*, 90 Mo. 340 ; *Sherwood v. Saxton*, 63 Mo. 78 ; *Gardner v. Armstrong*, 31 Mo. 585. ( 3 ) The property was subject to the action of replevin—no question made on that point. The wheat had matured, and was in the granary. The decisions of our courts

Gossett v. Drydale.

are numerous on this point. *Salmon v. Fewell,* 17 Mo. App. 118; *Garth v. Caldwell,* 72 Mo. 627; *Cauffman v. Schilling,* 58 Mo. 218; *Groff v. Belche,* 62 Mo. 300.

*Booher & Williams,* for defendant in error.

(1) Assuming that Smith was a tenant from year to year, and there is no evidence of. that fact, even then he had no right to sublet or assign his term or interest or any part thereof. R. S., sec. 6368, p. 1502; *McCartney v. Auer,* 50 Mo. 395. (2) The growing wheat was a part of the real estate, and under the evidence the property of the defendant. *Hickman v. Dill,* 39 Mo. App. 246. (3) Plaintiff having shown no title in himself, it is no concern of his whether the defendant is the lessee of Schuster, or his agent, or even a trespasser. Plaintiff was not the owner of the harvested wheat. *Adams v. Leip,* 71 Mo. 597; *Jenkins v. McCoy,* 50 Mo. 349; *Kamerick v. Castleman,* 23 Mo. App. 481; Wells on Replevin [Ed. 1880] sec. 83. (4) If the defendant was the assignee of Schuster, who owned an undivided interest in said wheat, plaintiff cannot maintain this suit. *Pulliam v. Burlingame,* 81 Mo. 111; *Lisenby v. Phelps,* 71 Mo. 522; Wells on Replevin, secs. 154, 155, 156, 157; *Pidcock v. Buffam,* 61 Mo. 370; *Kamerick v. Castleman,* 23 Mo. App. 481; Wait's Act. & Def., p. 485.

ELLISON, J.—This action is replevin for wheat in a granary. The court sustained a demurrer to plaintiff's testimony, and he comes here for relief. The facts were these: One Schuster owned the farm upon which the wheat was grown; he rented it to one Smith during the year 1889. In the fall of 1889, Smith sublet, without Schuster's consent, nineteen acres to plaintiff, which he sowed in wheat. Schuster rented the farm to defendant for the year 1890, defendant having no notice of the plaintiff's connection with the wheat, that is, no notice

was shown. After plaintiff sowed the wheat he met with Schuster and told him of it ; Schuster, in effect, assented to or acquiesced in what Smith and plaintiff had done. Defendant was in possession of the farm from March, 1890, and harvested the wheat.

There is nothing here to show what right or authority Smith had to sublet or arrange for the putting in of a crop which would mature the following year. Plaintiff can have no greater right than Smith. If we assume that Smith was a tenant from year to year ( and we certainly ought not to assume more than this ), it would give him no authority whatever to incumber the farm with a crop for the following year. The right to carry away growing crops or emblements "never exists where the tenancy is for years, and is to be terminated at the expiration of a certain period, for if in such case the tenant, with his eyes open, sows corn which he knows cannot become ripe until after the expiration of his lease the law will afford him no relief" ( Taylor's Land & Ten., secs. 536, 537, 538 ), so if Smith should be considered ( from the testimony ) as a tenant from year to year, as construed under our statute, the law quoted is quite as applicable.

II. But in another view plaintiff has no right to recover. He has not shown a right to the possession of the land upon which the wheat was sown, and has failed to show that he remained in possession and harvested the wheat. The testimony shows the contrary. This, under the principle stated in *Adams v. Leip*, 71 Mo. 597 ; *Jenkins v. McCoy*, 50 Mo. 349, is enough to show that he has not a right of property in the wheat.

III. Again, plaintiff's showing discloses that he only claims title to two-thirds of the wheat by virtue of a renting from Schuster whom he seems to claim as his landlord, after the conversation had with him. It is apparent from the case that defendant was representing Schuster as well as himself, in holding the wheat,

and in preventing plaintiff from taking it. If, therefore, plaintiff had any claim on the wheat it would be as tenant in common with his landlord, Schuster (*Kamerick v. Castleman*, 23 Mo. App. 481; *Moser v. Lower*, *ante*, p. 85), and as such he cannot maintain this action. *Pulliam v. Burlingame*, 81 Mo. 111; *Lisenby v. Phelps*, 71 Mo. 522.

IV. We do not see that the conversation had between plaintiff and Schuster added anything to his rights. It was after he had sowed the wheat. It was a mere barren conversation producing no action and based on no consideration. The judgment must be affirmed. All concur.