JAMES BAKER, Appellant, v. W. T. McINTURFF, Respondent.

St. Louis Court of Appeals, May 3, 1892.

1. **Crops Raised by Trespasser:** LANDLORD AND TENANT. When an intruder upon land plants crops thereon, such crops, so long as they remain unsevered, are regarded as the property of the landowner. This rule is applied in this cause against a tenant, who wrongfully retained possession of the premises let to him after his term had expired.

2. **Annual Crops:** REPLEVIN. Crops raised by yearly labor and cultivation are chattels, and may be recovered by replevin.

3. **Admission of Evidence not Covered by Pleadings:** SUFFICIENCY OF OBJECTION. *Semble*, that an objection to the admissibility of evidence on the ground of the irrelevancy of the evidence covers the ground that the evidence is not admissible under the pleadings.

4. **Estoppel in Pais:** SUFFICIENCY OF EVIDENCE. The evidence in this cause is considered and *held* insufficient to establish an estoppel *in pais*.

*Appeal from the Greene Circuit Court.* HON. T. J. DELANEY, Judge.

REVERSED AND REMANDED.

*Haseltine Bros.*, for appellant.

*James W. Silsby* and *C. V. Buckley*, for respondent.

BIGGS, J.—It is the well-settled law of this state that, where an intruder upon land plants crops thereon, such crops, so long as they remain unsevered, are regarded as the property of the land-owner. *Salmon v. Fewell*, 17 Mo. App. 118; *Adams v. Leip*, 71 Mo. 597; *Oyster v. Oyster*, 32 Mo. App. 270; *McAllister v. Lawler*, 32 Mo. App. 91. It is also the law that annual crops, crops raised by yearly labor and cultivation, are chattels, and are the subject of replevin. *Garth v. Caldwell*, 72 Mo. 622.

The present action is replevin for a crop of corn, grown upon a farm belonging to the plaintiff. The suit was begun in the circuit court on the fourth day of October, 1889, and at the time of the institution of the suit the corn was uncut and ungathered. The sheriff took possession of the corn under the writ of replevin and gathered and delivered it to the plaintiff. The defendant's answer was a general denial, and a plea in bar to the effect that the plaintiff's right to the corn (if he had any) had been previously adjudicated in an action brought by the plaintiff against the defendant for the possession of the premises under the landlord and tenant's act. The plea of former adjudication seems to have been abandoned at the trial, and it, therefore, needs no further mention by us. The trial resulted in a verdict and judgment for the defendant. The plaintiff has appealed.

At the close of the evidence the plaintiff asked the court to instruct the jury that, under the pleadings and evidence, the finding should be for the plaintiff. This the court refused to do. Other instructions were given

and refused of which the plaintiff complains, and other matters of exception are assigned for error in this court, but, under the views which we entertain in reference to the case, we need only discuss the court's action in respect of the one instruction.

It was an undisputed fact on the trial that the farm, upon which the corn was grown, belonged to the plaintiff, and had been his property for several years. The defendant admitted that he was in possession of the corn at the time the suit was brought, but he denied that the plaintiff had any interest therein. It was also conceded by the defendant that he rented the farm from the plaintiff for the previous year, his term ending March 1, 1889, and that he continued in the possession of the premises thereafter under no agreement with the plaintiff for a new letting, but by virtue of a contract of renting with one Swanson. The defendant undertook to justify his attornment to Swanson under an alleged contract of sale of the farm in question from plaintiff to Swanson, but the evidence entirely failed to support the proposition, and this defense seems also to have been abandoned by the defendant. It appeared from the evidence that Swanson presented to the defendant such a written contract signed by one Dann, who professed to be acting as the plaintiff's agent, but the other evidence failed to show that Dann had written authority from the plaintiff to make the sale. On the contrary the plaintiff testified that Dann had no such authority, either written or verbal.

The only defense presented by the defendant's instructions was predicated on a state of facts which was supposed to be sufficient to estop the plaintiff from taking advantage of the want of authority on the part of Dann to make the sale. The defendant's instructions read: "1. The jury are instructed that, to constitute an estoppel, it is not necessary that this plaintiff,

James Baker, designed to mislead the defendant; it is enough if the acts, if any, and declarations, if any, of said plaintiff, were calculated to, and did, in fact, mislead the defendant to his injury, while acting in good faith and with reasonable diligence.

"2. The court further instructs the jury that, when a person, by his words or conduct, voluntarily causes another to believe in the existence of a certain state of things, and thereby induces him to act on that belief, so as to change his previous condition, the person inducing such belief will be estopped from afterwards denying the existence of such state of things, to the prejudice of the person acting."

The evidence upon which the foregoing instructions were based pertained to the actions and representations of Dann, to the effect that he was the agent of the plaintiff to make the sale; that the defendant acted on such representations, and rented from Swanson; and, also, the conduct of the plaintiff concerning Dann's employment. The evidence was objected to by the plaintiff, for the reasons that it was irrelevant, incompetent and immaterial, and that the defendant had failed to show any valid authority from the plaintiff to Dann to bind him in a contract of purchase. In a motion for a new trial, the additional objection was urged that no estoppel was pleaded by the defendant, and, therefore, the evidence was inadmissible for that reason also. If this last objection had been specifically made in the first instance, the action of the court would undoubtedly have been erroneous. Whether the objections which were actually made were sufficient to put the court in the wrong, presents a more difficult question. We are inclined, however, to the opinion that the objection to the admission of evidence for irrelevancy covers the question of its admissibility under the pleadings. Evidence offered in support of issues not

made by the pleadings is certainly irrelevant and immaterial. But, if this question were decided for the defendant, his judgment would have to be set aside; because, in our opinion, the evidence was insufficient to establish an estoppel, and, therefore, the court committed error in submitting the question to the jury.

It is one of the elements of an estoppel *in pais* that the act complained of, by which the party is sought to be estopped, must have been done with the intention that the other party should act upon it, and that the other party was induced thereby to act to his prejudice. *Burke v. Adams*, 80 Mo. 504. Bigelow states the general principle in this way, as applicable to estoppels *in pais* by conduct: "The next requirement to this estoppel is that the representation must have been made with the intention, either actually or reasonably to be inferred by the person to whom it was made, that it should be acted upon. In general, where there is nothing reasonably indicating that the representation was intended to be acted upon as a statement of the truth, or that it was tantamount to a promise or agreement that the declaration made is true, so as to amount to an undertaking to respond in case of its falsity, the party making it is not estopped from proving the truth." Bigelow on Estoppel [5 Ed.] 628. It is another well-settled principle that, to constitute such an estoppel, the party urging it must have acted to his prejudice by reason of the act or conduct complained of. Keeping in view these general principles, let us examine the evidence. The plaintiff's evidence touching the question tended to prove that, in February, 1889, the defendant asked the plaintiff to renew his contract of renting for another year; that the plaintiff declined to do this, giving as a reason that he was about to sell or trade the farm, but did not say to whom he expected to sell it; that he asked the defendant to

remain on the farm until the fifteenth of March; that nothing more was said or done until the latter part of March, at which time Swanson exhibited to the defendant a written contract for the sale of the farm to Swanson, signed by Dann, as agent, and that the defendant, thereupon, without waiting to see the plaintiff or his agent, rented the premises from Swanson for the ensuing year. There was, also, evidence tending to show that the plaintiff gave Dann verbal directions to make the trade with Swanson if he saw proper; but this was not communicated to the defendant by the plaintiff, or by anyone else, to his knowledge. In fact, the record does not show that the defendant was advised of this at all. On the other hand, the plaintiff denied that he gave Dann any authority to sell the property to Swanson, and his evidence shows that he was at his home, in the state of Illinois, when the written contract was signed by Dann; that he repudiated the contract as soon as he was advised of it; and that he did not know that the defendant had rented the farm from Swanson until in July or August, and that he supposed that his agents had rented the place to another tenant.

It needs no argument from us to show that this evidence failed to make out a case of estoppel. It did not establish a single element of an estoppel *in pais*. Upon what tenable ground is there to base an argument, that by reason of the plaintiff's conduct, or by reason of anything said or done by him, it would be a positive fraud against the defendant to permit the plaintiff to prove that Dann had no authority to make the sale, or to deny that he was in any way bound by the conduct of Dann or Swanson? The plaintiff had said nothing to the defendant about Dann being his agent to sell the farm, or that he was about to sell it to Swanson, nor was his conduct such as to lead the defendant to believe either fact. The long and short

of the matter is, that the defendant illegally attorned to Swanson, and is now seeking in this action to escape the consequences of his unlawful act. Therefore, we conclude that, under the present record, the defendant was without a defense to the action, and that the plaintiff was entitled to a judgment.

With the concurrence of the other judges, the judgment of the circuit court will be reversed and the cause remanded. It is so ordered.