J. R. EDWARDS, Appellant, v. ELIZABETH EVELER et al., Respondents.

Kansas City Court of Appeals, April 30, 1900.

1. **Appellate Practice: NONSUIT: BILL OF EXCEPTIONS.** Unless the bill of exceptions shows the court refused to allow the plaintiff to take a nonsuit, the appellate court will not undertake to review such alleged action.

2. **Replevin: DESCRIPTION OF CORN: IDENTITY: JUDGMENT.** A complaint in replevin, averring that plaintiff was entitled to the possession of corn to about the value of one hundred dollars, is insufficient since the officer could not identify and the judgment could not be enforced.

3. ——: ——: TRIABLE ISSUE: INSTRUCTIONS. Whether such complaint presented a triable issue, quaere; but the parties having submitted the issue, instructions are examined and approved.

4. **Crops: TITLE TO: PARTY IN POSSESSION: PURCHASER.** A party in possession of land at the time crops are planted and until they are matured and severed has the right thereto against one who in the meantime has acquired the legal title to the land but not the possession thereof.

5. **Replevin: DAMAGES: EVIDENCE: VERDICT.** Evidence is examined and found to sustain a verdict for damages for the detention of the property by the plaintiff in replevin.

6. ——: ——: PLEADING: DAMAGES. Where the answer admits the value of the property seized in replevin, such admission is conclusive and the pleadings do not have to be put in evidence as would be the case with an abandoned pleading.

Appeal from the Cole circuit Court.—*Hon. T. B. Robinson,*
Judge.

AFFIRMED.

*Edwards & Edwards* for appellants.

(1) The fact that she was in possession of this property
on which the crop was raised or grown gave her no right to it,
unless she by her own means and labor produced it.   A tres-
passer can not farm out land of the owner and claim the
products of his wrongdoing.   When appellant purchased
this land he bought everything standing and growing on it,
and if defendant, Eveler, was living on this land as a tres-
passer, or without title or right, and even if she could have
claimed the products of the ground against the rightful
owner, still she could not claim the labor of her co-defendant,
who produced the crop, and when he surrendered his claim
and interest to appellant, appellant became lawfully entitled
to it.   Reid v. Swan, 133 Mo. 100.   (2) There never was
such a set of instructions given as the court gave in this case
—conflicting, contradictory abstract propositions of law.
Defendant's instructions were really a demurrer to plain-
tiff's evidence, and plaintiff's instructions also a de-
murrer to defendant's defense.   (3) The damages assessed
by the jury are not supported by any evidence.   (4) In the
case at bar, the corn was standing and growing in the field
at the time the suit was brought and unquestionably, under
the decisions of the courts of this state, plaintiff had a right
to recover, the corn at least.   Salmon v. Fewell, 17 Mo.
App. 118; McAllister v. Lawler, 32 Mo. App. 91; Reed v.
Swan, 133 Mo. Rep. 100, and the numerous authorities there
cited.

*Pope & Belch* for respondents.

(1) Replevin will not lie in favor of owner of land, for crop grown on and severed from the soil by person in actual possession. In case at bar crops were gathered before appellant pretends to have acquired title. McAllister v. Lawler, 32 Mo. App. 91. (2) Plaintiff can not dismiss his suit, and thus avoid the assessment of the value of the property, and damages for its detention, and judgment for the amount so assessed. Collins v. Hough, 26 Mo. 149; Berghoff v. Heckwolf, 26 Mo. 511; Ranney v. Thomas, 45 Mo. 111; Blobaum v. Gambs, 56 Mo. 183; Herring v. Corder, 49 Mo. App. 378; White v. Graves, 68 Mo. 218; Wooldridge v. Quinn, 49 Mo. 425. (3) If plaintiff takes nonsuit same judgment and damages. Smith v. Winston, 10 Mo. 299. (4) Plaintiff will not be allowed to terminate suit at his own volition where he has taken and detained defendant's property. Rhoades v. McNulty, 52 Mo. App. 301. (5) Jury may find value upon sworn statement of plaintiff. Schultz v. Hickman, 27 Mo. App. 21; Hansard v. Reed, 29 Mo. 472; Hohenthal v. Watson, 28 Mo. 360.

SMITH, P. J.—The defendant, Mrs. Eveler, is the widow of Henry Eveler, deceased, the latter being the son of Bernard Eveler, also deceased. The son with his wife, the defendant, under some kind of an arrangement not disclosed by the record before us, occupied a farm of one hundred and seventy-three acres, of which the father was owner, for some eighteen years prior to his death, which preceded that of his father. The defendant, Mrs. Eveler, has continued to occupy the farm ever since the death of her husband. She has exercised the exclusive dominion over it, renting it to tenants and receiving the rents and profits thereof.

For the cropping season of 1898 and 1899 defendant, Mrs. Eveler, rented the farm to her co-defendant, Keller, for one-half of the produce thereof, which was to consist of corn, wheat and oats. The wheat and oats which were produced were cut and threshed and the share of Mrs. Eveler delivered to her. After this, on August 10, 1899, the farm was sold by the executor of the estate of the father and at which sale the plaintiff became the purchaser, receiving shortly thereafter a deed conveying to him the legal title. On the twenty-fourth of August, following, the plaintiff brought this action under the claim and delivery statute to recover the possession of the wheat, oats and corn grown on said farm, which had been and was to be delivered to Mrs. Eveler in payment of the rent by her tenant, Keller. The wheat and oats were delivered to the plaintiff under the writ, but the corn was not. It was not seized at all.

The trial resulted in a judgment for the defendants and the plaintiff has appealed.

The principal ground upon which the plaintiff assails the judgment is that the trial court erred in its refusal to allow him to take a nonsuit. But, on turning to the bill of exceptions, we find that the only motion filed by him relating to the nonsuit was that in which he moved the court to set it aside. If it be taken as a motion for a new trial, as plaintiff contends it should, then we do not find that the plaintiff assigned as one of the grounds thereof the action of the court in refusing to allow him to take a nonsuit. No reference is made in the motion to such action of the court. Not only this, but we do not find that the bill of exceptions anywhere recites the fact that the plaintiff proposed or asked leave of the court to take a nonsuit and that such leave was disallowed, or that there was any exception preserved to the action of the court in refusing to allow such nonsuit to be taken. It is thus seen that if the court did refuse to

allow the nonsuit, that its action was not preserved so as to be the subject of review by us.

As far as we are able to understand, from an examination of the record, the defendant, Mrs. Eveler, after the death of her husband was in possession of the farm without any semblance of right. It nowhere appears that she had any license or other authority from the father after the death of the son, or from the father's executor, to occupy the farm. While so occupying it she rented it to Keller who produced thereon the crops claimed by the plaintiff. Under the well-established law of this state we can not discover that the acquisition of the legal title to the farm by plaintiff's purchase and deed gave him any title to the crops grown or growing thereon. Mrs. Keller was in the exclusive occupancy of the farm when the crops were planted and when they matured. When the plaintiff brought his suit the wheat and oats had matured and the share of Mrs. Eveler delivered to her. As previously stated, it does not appear that the corn was taken out of her possession under the writ.

The description of the corn in the complaint was, that plaintiff was entitled to the possession "*   *   *   of corn of about the value of one hundred dollars." This description, it seems to us, is so vague and indefinite as to amount to no description at all. How could the officer who was required to execute the order of delivery identify the corn the plaintiff claimed? No wonder he made no seizure of any corn under the order. A judgment for the corn by such description would be ineffective and could not be enforced. Cobbey on Replevin, sec. 1099.

It may be doubted whether or not, under our statute, there was a triable issue in the case as to the corn, since there was no seizure. Haeger v. Marcus, 5 Mo. App. 565.

The parties themselves, however, by their instructions submitted issues in respect to it. The jury were told by an

instruction for plaintiff that if the property described in the petition belonged to him at the time of the commencement of the suit, and that he was then entitled to the possession thereof, and that it was wrongfully detained by defendants, etc., to find for plaintiff. And for the defendants, the court instructed that if the corn was standing and growing on the land in possession of defendants at the time the same was planted, and had been in their possession ever since and now, and that plaintiff was not in possession, he was not entitled to recover. The instructions given for plaintiff were quite favorable and those given for defendants were not obnoxious to any serious objection.

Mrs. Eveler was in possession of the land at the time the crops were planted and continued so until after they were matured and severed. It would seem, therefore, that under the adjudications in this state the plaintiff, who had in the meantime by purchase acquired the legal title, but not the actual possession, did not thereby acquire the title to such crops. McAllister v. Lawler, 32 Mo. App. 91; Adams v. Leip, 71 Mo. 597; Jenkins v. McCay, 50 Mo. 348.

The plaintiff objects that there was no evidence introduced justifying the verdict of the jury as to the damages assessed for the detention of the property. It is a sufficient answer to this to say that the defendant, Mrs. Eveler, testified, without objection, that she was damaged in the sum of one hundred dollars. As to this, she was fully cross-questioned by plaintiff. There was no contradictory evidence offered. The finding of the jury was for a much less amount. It will not do to say, therefore, that there was no evidence to sustain the verdict.

The value of the wheat and oats taken under the writ was admitted by the answer. There was no issue as to the value of them. It was not necessary for the defendants to give the petition and answer in evidence. These pleadings were read to the jury and were therefore before them.

Where a party desires to get the benefit of an admission contained in an abandoned pleading he is required to introduce it in evidence; but this is not such a case. The value of the property taken and not returned, as found by the jury, was that admitted by the pleadings. The pleadings were conclusive as to value.

The judgment is for the right party and must be affirmed. *Ellison, J.*, concurs; *Gill, J.*, not sitting.