HILL *v.* McGREGOR MANUFACTURING CORPORATION

OPINION OF THE COURT

1. CONTRACTS—MEMORANDUM—ENFORCEABILITY.

A one-page memorandum of understanding between plaintiff and defendant in an attempt to reach a compromise settlement of law suits involving patents, manufacturing rights, use and ownership of hardware, and contributions could not support a judgment on the agreement where it was so cursory in its treatment of such complicated matters as to convince the Court of Appeals that it was not intended by the parties to be an enforceable agreement.

---

REFERENCE FOR POINTS IN HEADNOTES

[1, 2] 17 Am Jur 2d, Contracts §§ 23, 28, 29.

2. CONTRACTS—SETTLEMENT AGREEMENT.

> *Absent fraud, mistake or duress, a memorandum of understanding about settlement of lawsuits entered into by plaintiff and defendant was final and binding as to its basic intention to terminate litigation, and should not be set aside because the terms of one paragraph of the total settlement were left to subsequent anticipated agreement.*

Appeal from Oakland, William John Beer, J. Submitted Division 2 March 3, 1970, at Lansing. (Docket Nos. 6,742, 6,743.)   Decided April 27, 1970.

Complaint by Charles C. Hill against McGregor Manufacturing Corporation for breach of contract. Complaint by McGregor Manufacturing Corporation against Merritt D. Hill, for breach of contract. Judgment on settlement agreement granted. McGregor Manufacturing Corporation appeals. Reversed and remanded.

*Parsons, Tennent, Hammond, Hardig & Ziegelman,* for Charles C. Hill and Merritt D. Hill.

*Bizer, Sommers & Gordon, P. C.,* for McGregor Manufacturing Corporation.

Before:  J. H. GILLIS, P. J., and DANHOF and O'HARA,* JJ.

DANHOF, J.  On October 25, 1968 plaintiff filed a motion for judgment on a settlement agreement. The motion stated in part:

---

\* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

"Now comes Charles C. Hill and requests that this court enter its order of judgment on the terms and conditions of a certain settlement agreement entered into by the parties hereto set forth in the form of an agreement, a copy of which is attached hereto, containing 14 pages, having been executed by Charles C. Hill, plaintiff.

"1. This cause was scheduled for trial August 20, 1968, pretrial conference having been held previously.

"2. On August 20, and August 21, 1968, the parties and their attorneys and other advisors met and spent many hours discussing settlement of this cause. These discussions culminated in the execution of 'Memorandum of Understanding', dated August 21, 1968, executed by plaintiff, Charles C. Hill, and defendant, McGregor Manufacturing Corporation, by its vice-president, Robert L. Clapham, a true copy of which is attached hereto.

"3. Pursuant to the understanding of the parties and the terms and conditions of 'Memorandum of Understanding', attorneys for the plaintiff prepared drafts of agreements that embodied the 'Memorandum of Understanding'. Plaintiff's attorneys made certain changes in the draft prepared by defendant's attorneys and submitted a revised agreement to defendant's attorneys on October 4, 1968.

"4. The agreement prepared by plaintiff sets forth the intention of the parties that was the basis of the settlement of this matter reflected in 'Memorandum of Understanding'.

"5. Defendant refuses to execute the settlement agreement."

On December 3, 1968 the lower court signed an order of judgment which stated in part:

"It is ordered, that 'Memorandum of Understanding' dated August 21, 1968, a copy of which is attached hereto, be, and the same hereby is, entered as the judgment of this court."

Defendant corporation has appealed contending that the parties did not intend the one-page "Memorandum of Understanding" to be an enforceable contract but only a memorandum of the day's negotiations. In support of that position defendant points out, among other things, that the document prepared by two lawyers is captioned "Memorandum of Understanding" rather than "Settlement Agreement" or "Contract," that the typical formal language of a contract was not used, and that many essential issues were not included.

Defendant's arguments are persuasive. Additionally, plaintiff's motion for judgment on a settlement agreement stated that he was requesting relief based on a 14-page agreement drafted and revised after the "Memorandum of Understanding" was written and purportedly incorporating the intent thereof. That position is inconsistent with a claim that plaintiff intended the one-page "Memorandum of Understanding" to be an enforceable settlement agreement.

From the pleadings it is evident that these were complicated lawsuits involving patents, manufacturing rights, use and ownership of hardware, and contribution of the parties. We find the one-page August 21, 1968 "Memorandum of Understanding" so cursory in its treatment of these matters as to convince us that the parties did not intend that document to be an enforceable agreement. Therefore, the lower court erred in entering it as the judgment of the court. See *Hansen* v. *Catsman* (1963), 371 Mich 79; and *Professional Facilities Corporation* v. *Marks* (1964), 373 Mich 673.

Reversed and remanded for further proceedings not inconsistent with this opinion. Costs to defendant.

J. H. GILLIS, P. J., concurred.

O'Hara, J. (*dissenting*). Regretfully I am compelled to dissent from the conclusions reached by my able colleagues.

As I conceive the issue, the Memorandum of Understanding was final and binding as to its basic intention which was to terminate the litigation.

The trial judge so found in explicit terms:

"This court having found that the cases captioned above were settled by the parties and that 'Memorandum of Understanding' is the settlement agreement of the parties; and

"McGregor Manufacturing Corporation's attorney having telephoned this court and advised this court that the subject cases had been settled August 21, 1968, pursuant to said 'Memorandum of Understanding'; and

"*The court having found that no fraud, mistake or duress was claimed by either party regarding the execution of said 'Memorandum of Understanding',* and the court being fully informed in the premises (emphasis added),

"It is ordered, that 'Memorandum of Understanding' dated August 21, 1968, a copy of which is attached hereto, be, and the same hereby is, entered as the judgment of this court, and

"It is further ordered, that *Charles C. Hill* v. *McGregor Manufacturing Corporation,* Oakland County Circuit Court Case No. 67–40710, and the counterclaim therein, be, and the same hereby is, dismissed, with prejudice, and without costs, and

"It is further ordered, that *McGregor Manufacturing Corporation* v. *Merritt D. Hill,* Oakland County Circuit Court Case No. 68–44150, be, and the same hereby is, dismissed, with prejudice, and without costs, and

"It is further ordered, that any and all garnishments in *Charles C. Hill* v. *McGregor Manufacturing Corporation,* Oakland County Circuit Court Case No. 67–40710, be, and the same hereby are, released, without costs to either party."

I have searched the record in vain in an effort to find that measure of proof or inference from proof that would justify an appellate court setting aside the above findings.

I readily concede that the judgment as entered on the memorandum contains no replacement for the percentage figure deleted by the parties in paragraph 9, for which an "x" was substituted.

I further concede that the phrase "a certain level" in that paragraph is just as meaningless as "x" percentage.

Absent an agreement by the parties on these two items, the paragraph of the judgment as entered is unenforceable by either party.

But the memorandum adjudicates with finality many other issues between the parties which had been bitterly contested over years of theretofore fruitless negotiations. To paraphrase Mr. Justice Cardozo, it does not accord with my particular sense of justice to compel the litigation of two actions and one counter-action with multiple issues because the terms of one paragraph of the total settlement agreement were left to subsequent anticipated agreement.

I would leave the parties where they left themselves as to paragraph 9. It should be noted that the whole paragraph is contingent in nature:

"*If Mcg does not receive manufacturing rights at a certain level* then [and in that event only] their share of the royalties shall be increased by a figure not to exceed x % of the amount they would otherwise get." (Bracketed material and emphasis supplied.)

If the initial contingency does not eventuate, no question under paragraph 9 can arise. If it is asserted that the contingency has in fact arisen, the

forum below is open for appropriate action to establish that fact, and for further proceedings.

I would affirm.