### JAMES McGONEGAL v. HANNAH McGONEGAL.

*Divorce for drunkenness—Costs on affirmance in doubtful cases.*

Where the appellate court is in doubt what decree ought to have been made in a divorce case, a decree dismissing the bill will not be disturbed, especially where the evidence bearing most strongly against the defendant is of occurrences which took place several years before.

Costs and other allowance *denied* in such a case, though the wife was the successful party.

Appeal from Wayne. Submitted January 13. Decided April 27.

BILL for divorce.   Complainant appeals.   Affirmed.

*John W. A. S. Cullen* for complainant.   Habitual drunkenness is defined in the following cases:   *Commonwealth v. Whitney* 5 Gray 86: 11 Cush. 477; *Com. v. Boon* 2 Gray 74; *Dean v. Dean* 3 Penn. L. Journal Rep. 7; *Beatty v. Beatty* Wright O. 557; *Mahone v. Mahone* 19 Cal. 627; *McKay v. McKay* 18 B. Mon. 8; *Werner v. Kelly* 9 La. Ann. 60; *Leake v. Linton* 6 La. Ann. 262; *Threewits v. Threewits* 4 Dessau. (S. C.) 560; *Kempf v. Kempf* 34 Mo. 211; *Magahay v. Magahay* 35 Mich. 210

*C. J. Reilly* and *Maybury & Conely* for defendant.

COOLEY, J.   The bill in this case was filed to obtain a divorce from the bonds of matrimony on the ground of the habitual drunkenness of the defendant.   The circuit judge was of opinion that the case was not made out, and dismissed the bill.

The evidence in the record is not such that any court can feel entirely confident what decree ought to be made; but the circuit judge had better opportunities than we have to judge of the relative credibility of witnesses; and we are not inclined under such circumstances to reverse his decree in a case of doubt.   And we are the less disposed in this case for the reason that the evidence which bears most strongly against defendant is of occurrences which took place several years ago.

The decree will therefore be affirmed, but without costs or other allowances.

The other Justices concurred.