PROTECTIVE INSURANCE COMPANY v AMERICAN MUTUAL
LIABILITY INSURANCE COMPANY

Docket No. 78417. Submitted March 7, 1985, at Detroit.—Decided
June 3, 1985.

Lawrence Harris, deceased, was a passenger in a tractor-semi-
trailer owned and operated by James Compton. Compton's
truck collided with another truck parked on the side of the
Ohio Turnpike. As a result, Compton's truck went off the road
and crashed into a ravine. Harris died from the injuries he
sustained in this accident. A wrongful death action was
brought against several parties, including Big D Cartage Com-
pany. At the time of the accident, Compton was an independent
contractor under an exclusive lease with Big D to haul com-
modities. Harris was an employee of Compton. Plaintiff Protec-
tive Insurance Company was Big D's liability insurance carrier,
and its policy with Big D specifically excluded coverage for any
injury to Big D's employees arising out of and in the course of
their employment with Big D. Defendant, American Mutual
Liability Insurance Company, was Big D's workers' compensa-
tion insurance carrier, and its policy limited coverage to inju-
ries to Big D's employees. Plaintiff, as Big D's liability insur-
ance carrier, undertook Big D's defense in the wrongful death
action. As its defense, plaintiff raised the exclusive remedy
provision of the Worker's Disability Compensation Act, arguing
that Harris was a statutory employee of Big D at the time of
his death. Suit was filed in Big D's name against the defendant
in the Macomb Circuit Court seeking an order requiring defen-
dant to defend Big D in the suit for wrongful death and for
indemnification in the event a judgment was entered against

REFERENCES FOR POINTS IN HEADNOTES

[1] 81 Am Jur 2d, Workmen's Compensation § 83 et seq.

[2] 81 Am Jur 2d, Workmen's Compensation §§ 50, 51.
Worker's Compensation Act as furnishing exclusive remedy for
employee injured by product manufactured, sold, or distributed
by employer. 9 ALR4th 873.

[3] 82 Am Jur 2d, Workmen's Compensation § 426 et seq.
Modern status of effect of state workmen's compensation act on
right of third-person tortfeasor to contribution or indemnification
from employer of injured or killed workman. 100 ALR3d 350.

Big D. Plaintiff settled the wrongful death claim against Big D for $100,000, which was paid on July 8, 1982. Pursuant to a stipulation, plaintiff was substituted for Big D as the real party in interest in the suit against defendant. Plaintiff sought a determination as to which insurance company was obligated to provide coverage to Big D in connection with the $100,000 settlement paid. The court, Robert J. Chrzanowski, J., granted a judgment for defendant. Plaintiff appealed. *Held:*

A liability insurer which is entitled to the defense of the exclusive remedy provision of the Worker's Disability Compensation Act is not entitled to indemnification from the workers' compensation insurer for money expended in settling a claim against its insured for wrongful death.

Affirmed.

1. WORKERS' COMPENSATION — INSURANCE.

An insurer may not tailor workers' compensation coverage to conflict with the requirements of the Worker's Disability Compensation Act and any attempt to do so is void (MCL 418.621; MSA 17.237[621]).

2. WORKERS' COMPENSATION — EMPLOYERS — PRINCIPALS — EXCLUSIVE REMEDY.

A principal who is liable to pay workers' compensation benefits because an employer who contracted with the principal is uninsured is an employer within the meaning of the workers' compensation act for the purpose of invoking the exclusive remedy provision of the act against an injured worker or his estate in an action in tort (MCL 418.131, 418.171; MSA 17.237[131], 17.237[171]).

3. WORKERS' COMPENSATION — WRONGFUL DEATH — INDEMNIFICATION.

A liability insurer which is entitled to the defense of the exclusive remedy provision of the Worker's Disability Compensation Act is not entitled to indemnification from the workers' compensation insurer for money expended in settling a claim against its insured for wrongful death.

*Vandeveer, Garzia, Tonkin, Kerr, Heaphy, Moore, Sills & Poling, P.C.* (by *James M. Prahler* and *Robert D. Brignall),* for plaintiff.

*Mellon & McCarthy* (by *Steve J. Weiss),* for defendant.

Before: T. M. Burns, P.J., and J. H. Gillis and
J. P. Swallow,* JJ.

J. H. Gillis, J. Plaintiff appeals as of right from
a judgment of no cause of action entered in favor
of defendant after a bench trial in the Macomb
County Circuit Court.

On January 11, 1979, Lawrence Harris was a
passenger in a tractor-semitrailer owned and oper-
ated by James Compton. Compton's truck collided
with another truck parked on the side of the Ohio
Turnpike. As a result, Compton's truck went off
the road and crashed into a ravine. Harris died
from the injuries he sustained in this accident.

The Harris estate brought a wrongful death
action in Macomb County Circuit Court against
several parties, including Big D Cartage Company.
At the time of the accident, Compton was an
independent contractor under an exclusive lease
with Big D to haul commodities. Harris, both
parties agree, was an employee of Compton.

Plaintiff was Big D's liability insurance carrier,
and its policy with Big D specifically excluded
coverage for any injury to Big D's employees aris-
ing out of and in the course of their employment
with Big D. Defendant was Big D's workers' com-
pensation insurance carrier, and its policy limited
coverage to injuries to Big D's employees. Plaintiff,
as Big D's liability insurance carrier, undertook
Big D's defense in the wrongful death action
brought by the Harris estate. As its defense, plain-
tiff raised the "exclusive remedy" provision of the
Worker's Disability Compensation Act, MCL
418.131; MSA 17.237(131), arguing that Harris was
a statutory employee of Big D at the time of his
death, pursuant to MCL 418.171; MSA 17.237(171).
Section 171 of the WDCA provides that where an

* Circuit judge, sitting on the Court of Appeals by assignment.

employer (i.e., "principal") contracts with an independent contractor for the performance of any work, the principal becomes liable for the payment of workers' compensation benefits to the employees of the independent contractor for injuries sustained while performing any work undertaken by the principal, provided that the independent contractor is either not subject to the provisions of the act or has failed to obtain insurance coverage as required by the act. Plaintiff petitioned the trial court for a stay of proceedings pending a determination of Harris's employment status. The motion for stay was denied July 25, 1980, and an evidentiary hearing was ordered to determine whether an employment relationship existed. However, prior to the scheduling of the evidentiary hearing, plaintiff opted to settle the Harris estate's claim against Big D for $100,000, which was paid on July 8, 1982.

On August 12, 1981, the instant suit was filed in Big D's name against the defendant seeking an order requiring defendant to defend Big D in the suit brought by the Harris estate and for indemnification in the event a judgment was entered against Big D. Pursuant to a stipulation of August 13, 1982, plaintiff was substituted for Big D as the real party in interest. Plaintiff sought a determination as to which insurance company was obligated to provide coverage to Big D in connection with the $100,000 settlement paid to the Harris estate.

Following a brief trial, the lower court issued a bench opinion finding that Lawrence Harris was not an employee of Big D at the time of his death. Further, the trial court held that provisions of the WDCA were inapplicable to the facts before it since no claim for compensation had been filed with the bureau. Finally, the court stated its belief

that it was inconsistent for plaintiff to claim that Harris was a statutory employee after settling the case since such a fact would have been a complete defense to the lawsuit filed by the Harris estate. Judgment for defendant was entered pursuant to an order dated May 10, 1984.

On appeal, plaintiff contends that the trial court erred in finding the exclusive remedy provision of the WDCA inapplicable due to the Harris estate's failure to file a claim for workers' compensation benefits. Plaintiff cites *Dagenhardt v Special Machine & Engineering, Inc,* 418 Mich 520; 345 NW2d 164 (1984), for the proposition that an employer whose liability arises under § 171 is entitled to the tort immunity protection of the exclusive remedy provision regardless of whether the statutory employee files a claim for workers' compensation benefits.[1] Relying upon *Dagenhardt,* plaintiff concludes that defendant was under an obligation to defend Big D against the Harris estate's claim. Therefore, it is claimed, defendant should indemnify plaintiff for the $100,000 settlement expense plaintiff incurred during its defense of Big D.

In response, defendant argues, in effect, that the workers' compensation policy issued to Big D covered only "employees" as that term is commonly used. Since it is clear that Harris was not a "true" employee of Big D, but rather only a statutory employee, Harris was not covered by the policy issued to Big D. Defendant also argues that the provisions of § 171 are applicable only where, in the words of the statute, "compensation is claimed from or proceedings are taken against the principal *[i.e., employer]*". Since this scenario did not

[1] See also *Dagenhardt v Special Machine & Engineering, Inc,* 419 Mich 1207 (1984), where Justice BOYLE withdrew her earlier concurrence and joined the majority opinion issued in the case.

occur in the present case, Harris did not become a statutory employee pursuant to § 171.

Although unnecessary to a proper resolution of this case, we begin by clearing up the defendant's misconception regarding the coverage provided under the policy issued to Big D. When an insurer issues a workers' compensation policy, it may not tailor that coverage to conform to its own desires where doing so would conflict with the provisions of the Worker's Disability Compensation Act. The methods an employer chooses to avail itself of in securing the payment of compensation is highly regulated, and an insurance company which decides to enter this field may not simply step in and devise its own plan of coverage. Rather, an insurer must first obtain authorization from the director of the workers' compensation bureau to transact the business of workers' compensation insurance in this state. MCL 418.601; MSA 17.237(601). Then, the provisions of MCL 418.621; MSA 17.237(621) must be followed. Section 621 states that "[e]very contract for the insurance of the compensation provided in this act for or against liability therefore [sic], shall be deemed to be made subject to the provisions of this act and provisions inconsistent with this act are void". Therefore, when defendant chose to issue a workers' compensation insurance policy to Big D, it became liable to provide coverage not only with respect to Big D's actual employees, but also to any persons who, through the provisions of § 171 of the act, are statutorily deemed to be employees of Big D. Defendant's attempt to restrict the coverage provided to Big D to exclude Lawrence Harris cannot succeed.

Irrespective of the flaws in defendant's argument, plaintiff's position is untenable for a more fundamental reason. As mentioned above, on the

basis of the *Dagenhardt* decision, plaintiff concludes that the Harris estate was entitled only to workers' compensation benefits from Big D and could not recover under a tort theory. This proposition is indeed correct. In *Dagenhardt,* the Supreme Court resolved a conflict between two Court of Appeals cases, *Dagenhardt v Special Machine & Engineering, Inc,* 108 Mich App 75; 310 NW2d 41 (1981), and *Drewes v Grand Valley State Colleges,* 106 Mich App 776; 308 NW2d 642 (1981). The Court held that a principal who is liable to the employee of an independent contractor for workers' compensation benefits pursuant to § 171 is also entitled to the protection of the exclusive remedy provision, § 131. Further, this protection was held not to be dependent upon whether "compensation is claimed from or proceedings are taken against" the principal or employer. Rather, the principal's entitlement to the exclusive remedy protection flows entirely from the imposition of liability itself which occurs through the provisions of § 171. As applied to this case, the fact that the Harris estate did not make a claim for compensation benefits did not affect Big D's entitlement to the immunity from tort liability granted by § 131.

However, the folly of plaintiff's argument is that it concludes from the above-stated proposition that it is entitled to indemnification from Big D's workers' compensation carrier for the amount of the settlement it chose to enter into with the Harris estate. This assumption is incorrect. Plaintiff makes much of the fact that it stepped in to defend Big D against the Harris estate lawsuit, to the point of implying that this was a benevolent undertaking which followed an unreasonable refusal by defendant to take up the defense of Big D. Such a characterization is unjustified. The Harris estate was not suing Big D for workers' compensa-

tion benefits, but rather for wrongful death. If this lawsuit had been successful, plaintiff, not defendant, would have been constrained to pay the judgment to the extent of Big D's coverage under its insurance policy with plaintiff. To suggest that the workers' compensation carrier should defend a circuit court action under these circumstances is illogical. The course of action which plaintiff began and was entirely capable of pursuing to completion was to defend against the lawsuit by asserting Harris's status as an employee pursuant to § 171 of the WDCA. If they had been successful in convincing the trial court of the existence of an employment relationship and of Big D's entitlement to the protection of the exclusive remedy provision, summary judgment in their favor would have likely followed.[2] The Harris estate would then have no other recourse but to file a claim for compensation against Big D with the bureau. Clearly, it could not be suggested that plaintiff would have an obligation to defend Big D against a workers' compensation claim on the possibility that Harris was not in fact an employee within the meaning of the WDCA. On the contrary, if this were the case, defendant would obviously be obligated to take up the defense on behalf of Big D and attempt to establish that an employment relationship did not exist, thus rendering Harris's dependents unentitled to benefits. In sum, we believe that as between two insurance companies, one having issued a liability policy and the other a

[2] The fact that the Court of Appeals was split on the issue of Big D's entitlement to exclusive remedy protection is entirely irrelevant. Plaintiff, like any litigant, was simply in a position to defend its interests by advocating the adoption of the Court of Appeals decision which it believed contained a correct application of the law. The fact that a decisive case did not come out of the Supreme Court until after its decision to settle with the Harris estate does not create a right to indemnification from the defendant. There is simply no connection between the two propositions.

workers' compensation policy, the duty to defend an employer depends upon the claims advanced by the worker or his dependents and the forum in which those claims are brought. In the instant case, plaintiff was entirely capable of raising the exclusive remedy defense on behalf of Big D.[3] The fact that it chose to settle the case rather than run the risk of an adverse determination on the crucial issue of employment status does not justify placing the burden of paying for that settlement upon the workers' compensation carrier.

Since defendant's failure to take up Big D's defense in the civil lawsuit was entirely appropriate and does not provide a basis for the result sought by plaintiff, we must consider whether there exists any other justification for that result.

Although this question has never been adjudicated in the workers' compensation bureau, and the trial court below actually found adversely to plaintiff's claim, we will assume for purposes of argument that Harris was, in fact, a statutory employee of Big D pursuant to § 171, and that defendant would therefore have been liable to pay benefits to Harris's dependents had a petition for same been filed with the bureau. Given this assumption, it does not follow that defendant should

---

[3] We also note that, in the context of this case, a conflict of interest would have resulted if defendant had undertaken Big D's defense in the civil lawsuit. Defendant's own interests would have been advanced by arguing that Harris was not an employee, statutory or otherwise, because any judgment rendered against Big D would then be covered by plaintiff's policy. Assuming that liability for workers' compensation benefits would have been preferable to tort liability from a financial standpoint, the degree of vigor defendant would have exercised in advocating Harris's status as a statutory employee is questionable, since such an argument in the circuit court would make it difficult, to say the least, to deny the existence of a statutory employment relationship in a workers' compensation proceeding. Under these circumstances, plaintiff was clearly the appropriate insurance company to adequately represent Big D's interests in the civil lawsuit.

be ordered to underwrite plaintiff's decision to settle a case it could likely have defended successfully. Plaintiff, in effect, played the odds and lost. Although its decision to settle may have been prudent given the unsettled status of the law at the time of settlement, we can perceive of no legal basis for removing the benefit defendant receives from the principal's statutory protection from tort liability and requiring it to reimburse the plaintiff for its settlement of a civil lawsuit. Although plaintiff has not couched its argument in these terms, the result it seeks would, in effect, violate the exclusive remedy provision. The $100,000 settlement was not a workers' compensation redemption. If defendant were ordered by this Court to indemnify plaintiff, their compliance would have no effect on the right of the Harris dependents to file a claim for compensation with the bureau, assert the existence of a statutory employment relationship, and demand dependency benefits.[4] That this result would be most unjust to the defendant needs no discussion. We therefore decline to place upon defendant the burden of paying for the plaintiff's unwise gamble when such a result would not extinguish defendant's potential liability under its contract of insurance with Big D. Although our reasoning differs from that relied

[4] While it is true that the Harris dependents would be taking a contradictory position on the issue of employment status if a claim for compensation were filed, there is nothing to prevent them from doing so. The settlement of a dispute between two parties does not constitute an adjudication of the claims involved in the dispute. Rather, a settlement "merely admits the existence of a dispute and that an amount is paid to be rid of controversy". 5 Michigan Law & Practice, Compromise and Settlement, § 6, p 377. While defendant may argue, on equitable grounds, that the Harris dependents should be prevented from taking a position contrary to that asserted in the circuit court since their position on the issue of employment status induced the settlement of their claim, this possibility does not affect either the underlying right of the Harris dependents to file a claim for compensation or the defendant's responsibility to defend or pay benefits should the claim succeed.

upon by the trial court in finding no cause of action for the defendant, we affirm that judgment.

Affirmed.