WALBRIDGE ALDINGER COMPANY v WALCON CORPORATION

Docket No. 158500. Submitted October 5, 1994, at Detroit. Decided November 21, 1994, at 9:40 A.M. Leave to appeal sought.

Robert Reagan and others brought a negligence action in the Wayne Circuit Court against Ford Motor Company and Walbridge Aldinger Company following Reagan's injury at a construction project in a Ford plant while working for Walcon Corporation, a subcontractor engaged by Walbridge, who was the general contractor on the project. Walbridge brought a third-party action against Walcon, seeking indemnity pursuant to the subcontract. Walcon subsequently undertook the defense of Walbridge in the primary action. Settlement was reached with regard to the claim against Walbridge in the primary action after Walcon's insurer agreed to pay certain sums to the plaintiffs and the worker's compensation lien holder. Walbridge moved for a voluntary dismissal of the third-party action, arguing that it had reached an agreement with Walcon regarding indemnity. Walcon moved for summary disposition in its favor in the third-party action after discovering that it had relied on the wrong subcontract in undertaking Walbridge's defense and that under the right subcontract it had no duty to indemnify Walbridge against Walbridge's breach of duty. The court, Lucile A. Watts, J., denied Walbridge's motion, granted Walcon's motion, and ordered Walbridge to reimburse Walcon's insurer for payments made to the plaintiffs and the worker's compensation lien holder. Walbridge appealed.

The Court of Appeals *held:*

1. The trial court erred in denying Walbridge's motion for a voluntary dismissal of the third-party action on the basis that no copy of the agreement to settle the indemnity claim was filed with the court. MCR 2.507(H) provides that an agreement between the parties or their attorneys respecting the proceedings in an action is binding if, as in this case, evidence of the agreement is in writing and subscribed by the party against

REFERENCES

Am Jur 2d, Compromise and Settlement §§ 25, 27; Indemnity §§ 9, 15; Negligence § 51.
See ALR Index under Compromise and Settlement; Indemnity.

whom the agreement is offered or by that party's attorney. The court rule does not require that the agreement be filed with the court.

2. On remand, the trial court must consider and decide whether the settlement agreement between Walbridge and Walcon should be rescinded on the basis of mutual mistake, whether allowing Walcon to repudiate the settlement agreement would be to condone fraud, and whether Walbridge waived its right to assert the settlement agreement.

3. The trial court erred in granting summary disposition for Walcon based on the indemnity exclusion for negligence by Walbridge. The settlement of the primary action merely established that a dispute existed and money was paid to end the controversy; it did not establish negligence by Walbridge.

Reversed and remanded for further proceedings.

1. TRIAL — AGREEMENTS REGARDING PROCEEDINGS.

An agreement or consent between the parties respecting the proceedings in an action, subsequently denied by either party, is binding where evidence of the agreement is in writing and subscribed by the party against whom the agreement is offered or by that party's attorney; such an agreement need not be filed with the court in order to be binding (MCR 2.507[H]).

2. INDEMNITY — NEGLIGENCE — SETTLEMENTS.

The settlement of a negligence action without an admission of a breach of duty by the defendant is insufficient to disqualify the defendant from indemnification pursuant to an indemnification agreement that excludes indemnification of claims arising out of the defendant's own negligence.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *Janet Callahan Barnes*), for Walbridge Aldinger Company.

*Blake, Kirchner, Symonds, MacFarlane, Larson & Smith* (by *Daniel C. Symonds* and *Christopher G. Manolis*), for Walcon Corporation.

Before: MICHAEL J. KELLY, P.J., and W. P. CYNAR,* and P. D. SCHAEFER,** JJ.

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment pursuant to Administrative Order No. 1994-7.

** Circuit judge, sitting on the Court of Appeals by assignment.

W. P. Cynar, J. Third-party plaintiff Walbridge Aldinger Company appeals from an October 23, 1992, Wayne Circuit Court order granting third-party defendant Walcon Corporation's motion for summary disposition and a November 9, 1992, order denying Walbridge's motion for voluntary dismissal. The trial court's orders resulted in the dismissal of Walbridge's claim against Walcon for indemnity pursuant to an express contract relative to plaintiffs' negligence claim against Walbridge. Having determined that the trial court's denial of Walbridge's motion for voluntary dismissal was based on a mistake of law and having further determined that there is a genuine issue of material fact regarding whether Walcon is obligated to indemnify Walbridge, we reverse the trial court's orders and remand for further proceedings.

On February 10, 1989, plaintiff Robert Reagan was injured while working at a construction project on the premises of Ford Motor Company's assembly plant in Wayne, Michigan. Reagan was employed by Walcon as a sheet-metal worker. Walcon was a subcontractor on the construction project and Walbridge was the general contractor.

Plaintiffs filed the instant action against Walbridge, alleging that Walbridge was liable under negligence principles and under the "inherently dangerous activities" doctrine. Walbridge filed a third-party complaint against Walcon, claiming that an August 28, 1989, subcontract between Walbridge and Walcon required Walcon to indemnify and defend Walbridge against plaintiffs' claims.

On May 29, 1991, Walbridge moved for summary disposition on the basis that a June 10, 1988, subcontract (not the August 28, 1989, subcontract relied on by Walbridge in its third-party complaint), specifically provision X, entitled it to in-

demnity from Walcon. No decision was ever entered on the motion. While Walbridge's motion was pending, Walcon assumed the defense of Walbridge.

During this time period, the parties discovered that the subcontract relied on by Walbridge in its third-party complaint, the August 28, 1989, subcontract, was the wrong contract. The contract that governs is the June 10, 1988, contract executed before plaintiff's accident and relied on by Walbridge in its motion for summary disposition.

On November 18, 1991, Walcon filed its own motion for summary disposition on the basis that the indemnity provision in "Attachment G" to the June 10, 1988, subcontract specifically prohibited Walbridge from receiving indemnity from Walcon for Walbridge's own breach of duty. On November 20, 1991, Walcon filed a motion for leave to file an amended answer to Walbridge's third-party complaint on the ground that its original answer was based on the wrong subcontract. The trial court allowed Walcon to orally amend its answer and deferred action on the indemnity dispute until after the trial on the primary complaint.

A settlement in the primary action was reached in November of 1991. The agreement provided that Walcon's insurer, Liberty Mutual, would pay $450,000 to plaintiffs and $150,000 to the worker's compensation lien holder.

On June 18, 1992, Walbridge filed a motion for voluntary dismissal of its third-party complaint on the ground that Walcon had agreed to defend and indemnify Walbridge in July of 1991, that Walcon had fulfilled this duty via the payment of $600,000 made by its liability insurer, and that the third-party claim was thereby settled.

The trial court held hearings on Walbridge's motion for voluntary dismissal and on Walcon's

November 18, 1991, motion for summary disposition. The trial court denied Walbridge's motion for dismissal on the basis that no resolution of the indemnity issue was signed and filed with the trial court in July of 1991. The trial court also granted Walcon's motion for summary disposition on the basis that Walcon owed no duty to indemnify Walbridge under the June 10, 1988, subcontract. The trial court ordered Walbridge to reimburse $600,000 to Walcon's carrier.

I

On appeal, Walbridge argues that the trial court erred in denying its motion for voluntary dismissal. Walbridge states that Walcon's agreement in July of 1991 to defend and indemnify Walbridge effectively settled the third-party claim and is binding against Walcon.

Walcon concedes that its attorney agreed to assume Walbridge's defense and to indemnify Walbridge but argues that this agreement was not formally accomplished, that is, it did not settle the third-party complaint.

The trial court's decision to deny Walbridge's motion for voluntary dismissal should be vacated because it was based on an error of law, namely a determination that any agreement between the parties or their attorneys that Walcon would defend and indemnify Walbridge had to be filed with the court in order for it to be binding on the parties.

Under MCR 2.504(A)(2), an action may not be dismissed at the plaintiff's request except by order of the court on terms and conditions the court deems proper. We review the trial court's decision to deny Walbridge's motion for voluntary dismissal to see whether the decision was without justifica-

tion. *Rosselott v Muskegon Co,* 123 Mich App 361, 373; 333 NW2d 282 (1983).

An agreement to settle a pending lawsuit is a contract and is to be governed by the legal principles applicable to the construction and interpretation of contracts. *Eaton Co Bd of Rd Comm'rs v Schultz,* 205 Mich App 371, 379; 521 NW2d 847 (1994). An agreement or consent between the parties is required to be in writing and subscribed by the party, or by the party's attorney, against whom the agreement is offered when the agreement or consent is subsequently denied by a party. MCR 2.507(H); Cf. *Metropolitan Life Ins Co v Goolsby,* 165 Mich App 126, 129, n 1; 418 NW2d 700 (1987). The writing does not have to be filed with the court. MCR 2.507(H).

The parties do not dispute that there was an agreement that Walcon would defend and indemnify Walbridge. The point disputed by Walcon is that this agreement resolved Walbridge's third-party complaint against it. However, a letter dated July 18, 1991, and signed by the attorney for Walcon could reasonably be interpreted as evidence that the agreement to defend and indemnify Walbridge was intended to result in the dismissal of Walbridge's third-party complaint against Walcon. Under MCR 2.507(H), this writing is sufficient to make the agreement binding on the parties. Therefore, the trial court's denial of Walbridge's motion for summary disposition for the reason that no stipulation to dismiss was signed and filed with the court was based on an error of law and is reversed.

The parties urge this Court, in the event we find that there was an agreement that settled Walbridge's third-party complaint in July of 1991, to consider and decide the following issues: (1) whether the settlement agreement between the

parties should be rescinded on the basis of mutual mistake; (2) whether allowing Walcon to repudiate the settlement agreement would be to condone fraud; and (3) whether Walbridge waived its right to assert a settlement agreement by conceding the existence of the third-party complaint after July of 1991. These equitable matters were not addressed by the trial court, and the factual record is insufficient to allow a decision on them. Therefore, we leave these issues for the trial court's consideration on remand. *Kamalnath v Mercy Memorial Hosp Corp,* 194 Mich App 543, 551; 487 NW2d 499 (1992).

Walbridge next argues that the trial court erred in granting Walcon's motion for summary disposition and in ordering Walbridge to reimburse Walcon $600,000 where the June 10, 1988, subcontract unambiguously requires that Walcon indemnify Walbridge for any injury arising out of the performance of work by Walcon employees. We agree that the trial court erred in granting summary disposition and in ordering Walbridge to pay Walcon $600,000.

Because the trial court relied on evidentiary materials, we review the grant of summary disposition under MCR 2.116(C)(10). After reviewing all documentary evidence, a motion for summary disposition should be granted only where there is no genuine issue of material fact and judgment should be entered as a matter of law. *Pete v Iron Co,* 192 Mich App 687, 688-689; 481 NW2d 731 (1992). Where an indemnity contract is clear and unambiguous, its interpretation is a question of law for the trial court to decide. *Gruett v Total Petroleum, Inc,* 182 Mich App 301, 305; 451 NW2d 608 (1990), rev'd on other grounds 437 Mich 876 (1990).

The June 10, 1988, subcontract contains two provisions relating to the issue of indemnity, Arti-

cle X[1] and "Attachment G." Article X broadly requires Walcon to indemnify Walbridge for "any claim, injury damage . . . arising out of, resulting from or occurring in connection with the performance of the Work by the Subcontractor or its agents or employees . . . ." Attachment G, as written by Walcon and as edited by Walbridge reads:

> Indemnity. The subcontractor shall not indemnify the contractor against the contractor's breach of warranty or duty.

The four corners of the 1988 subcontract, as changed by Attachment G, unambiguously provides that Walcon is under no duty to indemnify Walbridge for Walbridge's breach of duty. It follows that Walbridge's breach of the duties alleged in plaintiffs' complaint would prevent Walbridge from receiving indemnity from Walcon.

However, no breach of duty by Walbridge within the meaning of Attachment G was established in this case. The settlement of the primary action for $600,000 merely admitted the existence of a dispute and the payment of money to get rid of the controversy. *Protective Ins Co v American Mutual Liability Ins Co,* 143 Mich App 408, 417, n 4; 372

---

[1] Article X provides:

Subcontractor agrees to indemnify, defend and hold harmless the Contractor and the Owner and their agents and employees, from and against any claim, injury, damage, cost, expense or liability (including actual attorneys' fees), whether arising before or after completion of the Subcontractor's Work caused by, arising out of, resulting from or occurring in connection with the performance of the Work by the Subcontractor or its agents or employees, or from any activity of the Subcontractor or its agent or employees at the Site whether or not caused in part by the active or passive negligence or other fault of a party indemnified *excepting only injury to person or damage to property caused by the sole negligence of a party indemnified hereunder.*

NW2d 577 (1985). Without the establishment of a breach of duty by Walbridge, the broad provision of Article X, in which Walcon agrees to indemnify Walbridge against any claim arising out of Walcon's employees' actions, applies and Walbridge is entitled to be indemnified by Walcon. Therefore, the trial court erred in granting Walcon's motion for summary disposition and in ordering Walbridge to reimburse Walcon for the $600,000 paid by Walcon's insurer in settlement of plaintiffs' claims.

Reversed and remanded for proceedings consistent with this opinion.