# STATE OF MICHIGAN

# COURT OF APPEALS

STRAITS WOOD TREATING, INC.,

        Plaintiff,

v

BAY VALLEY MILLWORK CO., INC.,

        Defendant-Third-Party Plaintiff,

v

AUTO-OWNERS INSURANCE CO.,

        Third-Party Defendant-Appellee,

and

EMIL RUMMEL AGENCY, INC. and JOHN E.
SUAVE,

        Third-Party Defendants-Appellants.

UNPUBLISHED
May 18, 2017


No. 330831
Bay Circuit Court
LC No. 14-003101-CZ

Before: RONAYNE KRAUSE, P.J., and K. F. KELLY and GADOLA, JJ.

PER CURIAM.

This appeal arises out of a dispute following a settlement agreement that was intended to resolve an underlying lawsuit involving the destruction by fire of a building owned by plaintiff Straits Wood Treating (Straits) and leased to defendant Bay Valley Millwork (Bay Valley). The lease required Bay Valley to indemnify Straits; Bay Valley obtained an insurance policy from third-party defendant Auto Owners Insurance (Auto-Owners) through third-party defendants Emily Rummel Agency (Emil) and John E. Suave (Suave). However, Auto-Owners disputed that the policy as obtained actually covered the situation. The parties ultimately agreed to settle all claims in exchange for payment of $93,000 to Straits. Emil and Suave together paid $31,000; Auto-Owners paid $31,000, and a dispute then arose over responsibility for the remaining $31,000. The trial court ordered Bay Valley to pay $15,500 and Emil and Suave to pay $15,500, subject to a bench trial to determine possible reimbursement by one or the other. The trial court then determined that the dispute arose from a "misunderstanding" between the parties and entered an order denying any reimbursement. Emil and Suave appeal by right. We affirm.

We review a trial court's factual findings following a bench trial for clear error and its conclusions of law de novo. *Ligon v Detroit*, 276 Mich App 120, 124; 739 NW2d 900 (2007). Whether a contract exists is a question of law also reviewed de novo on appeal. *Kloian v Domino's Pizza LLC*, 273 Mich App 449, 452; 733 NW2d 766 (2006). "A finding is clearly erroneous where, although there is evidence to support the finding, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been made." *Ambs v Kalamazoo Co Rd Comm*, 255 Mich App 637, 652; 662 NW2d 424 (2003). "An agreement to settle a pending lawsuit is a contract and is to be governed by the legal principles applicable to the construction and interpretation of contracts." *Walbridge Aldinger Co v Walcon Corp*, 207 Mich App 566, 571; 525 NW2d 489 (1994). This Court reviews de novo as a question of law the proper interpretation of a contract, including a trial court's determination whether contract language is ambiguous. *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 463; 663 NW2d 447 (2003).

We address Emil and Suave's issues on appeal out of order, because their first argument is that the trial court erred in failing to set aside the settlement agreement entirely. We find that argument availing in the abstract. However, not all of the involved parties are before us, limiting the extent to which we could grant that relief. More importantly, at no point below did Emil and Suave suggest that the trial court *should* do so. Instead, they expressly *agreed* that the trial court had authority to order appellants to pay one-half the remaining settlement amount ($15,500) and then "decide what [to do] about it." They later "confirmed" that there was "a final settlement" and that the only remaining issue pertained to whether they were entitled to reimbursement. They never suggested setting the settlement agreement aside despite repeated questioning by the trial court about how it should resolve the situation.

We understand the argument that the trial court ought to have simply set the settlement agreement aside, but at this time Emil and Suave are effectively asserting that the trial court committed error by doing exactly what they asked it to do. We do not accept that "appellate parachute," *Dresselhouse v Chrysler Corp*, 177 Mich App 470, 477; 442 NW2d 705 (1989), and instead find that this issue has been waived. *People v Carter*, 462 Mich 206, 214-216; 612 NW2d 144 (2000). We deem similarly waived Emil and Suave's contention that the agreement was unenforceable under MCR 2.507(G): the parties agreed in open court to the disposition of the settlement agreement by Emil and Suave paying half of the remaining $31,000, and the subsequent litigation to determine possible reimbursement thus had no bearing on the settlement agreement itself.

Thus constrained to evaluate only the *relative* propriety of the trial court ordering no reimbursement, Emil and Suave argue that the trial court erred in finding a mutual mistake by the parties to the settlement, and rather should have found that only Auto-Owners made a mistake and the parties in fact agreed that Auto-Owners was a third party expected to independently contribute a third of the settlement amount. Under the circumstances, we cannot agree. There certainly *is* non-trivial evidence in the record from which one *could* draw Emil and Suave's asserted conclusion, but there is *also* non-trivial evidence in the record to support the conclusion the trial court drew. Moreover, the trial court had the benefit of both directly observing, and having much greater general familiarity with, the individual people involved in crafting the settlement. We cannot find clear error.

-2-

As Emil and Suave note, several correspondences exchanged after the settlement conference reflect an understanding that there would be three parties who would each tender $31,000 toward the total settlement amount. Appellants also point to an email from Straits's counsel informing that he was "[j]ust waiting on [Auto-Owners's counsel] to send his check to me . . . " The case evaluation award separately evaluated claims against Bay Valley, Auto-Owners, and Emil and Suave. Finally, Emil and Suave have acted as a single party throughout these proceedings, whereas Bay Valley and Auto-Owners had separate representation. Consequently, there is nothing unreasonable about Emil and Suave's position.

However, Bay Valley, and by extension Auto-Owners, provided immediate notice that it interpreted the settlement agreement differently. In an email on the same day as Emil and Suave's counsel's letter confirming, *inter alia*, that three parties would tender checks, Bay Valley's counsel informed that he had "ordered the check for Bay Valley's and Auto-Owners' $31,000 share of the settlement . . . " That statement, expressed so soon after the settlement was purportedly reached, shows that Bay Valley and Auto-Owners believed that, collectively, they would only be responsible for one third of the total settlement amount. That belief was also not unreasonable, particularly in light of the settlement negotiations in which Emil and Suave offered to pay two-thirds of a settlement offer; Auto-Owners assumed "that percentage breakdown" applied to subsequent settlement offers, and therefore believed "that when we discussed settlement numbers, one-third of that was a combined Bay Valley/Auto-Owners offer." Similarly to Emil and Suave acting as functionally a single party, it was not unreasonable for Auto-Owners to believe that, its participation being strictly as Bay Valley's insurer, it and Bay Valley were functionally a single party.

Finally, we disagree with Emil and Suave's assertion that the correspondences between the parties did not satisfy the requirements of MCR 2.507(G). MCR 2.507(G) provides:

> An agreement or consent between the parties or their attorneys respecting the proceedings in an action is not binding unless it was made in open court, or unless evidence of the agreement is in writing, subscribed by the party against whom the agreement is offered or by that party's attorney.

Emil and Suave did not provide the trial court with any writing evidencing the terms of the agreement, including the correspondences sent on by Auto-Owners or its attorney. And, as discussed, Bay Valley's counsel's e-mail set forth Bay Valley's and Auto-Owners's position that they would only be responsible for a third of total settlement amount.

We do think that the better course of action, all other things being equal, might have been to set aside the settlement entirely. However, we cannot under the circumstances of this case fault the trial court for doing what the parties asked it to do. That being so, the evidence, such as it is, does not definitely and firmly persuade us that the trial court made a mistake. "The evidence in the record is not such that any court can feel entirely confident what decree ought to be made; but the circuit judge had better opportunities than we have to judge of the relative

credibility of witnesses; and we are not inclined under such circumstances to reverse his decree in a case of doubt." *McGonegal v McGonegal*, 46 Mich 66, 67; 8 NW 724 (1881).

Affirmed.

/s/ Amy Ronayne Krause
/s/ Kirsten Frank Kelly
/s/ Michael F. Gadola