# STATE OF MICHIGAN

# COURT OF APPEALS

In re KEILLOR, Minors.

FOR PUBLICATION
June 28, 2018

No. 340395
Wayne Circuit Court
Family Division
LC No. 16-523730-NA

Before: RONAYNE KRAUSE, P.J., and MARKEY and RIORDAN, JJ.

RONAYNE KRAUSE, P.J. *(concurring)*.

I respectfully concur in affirming the trial court. I am unpersuaded that the evidence in this record adequately establishes that sexual abuse of either child by a nonparent adult actually occurred. However, any acts the nonparent adult did or did not perpetrate against the children is irrelevant. If only one statutory ground for termination is properly established, a parent's parental rights *must* be terminated unless the trial court finds that doing so is contrary to the best interests of the children. *In re Powers Minors*, 244 Mich App 111, 118; 624 NW2d 472 (2000); *In re BZ*, 264 Mich App 286, 301; 690 NW2d 505 (2004). On this record, the trial court must be affirmed.

The record conclusively establishes that respondent mother physically abused the children; she even admitted to beating them with an extension cord and was convicted of third-degree child abuse. The trial court could have left us with more specific factual findings to review, but it is clear that it chose to believe the testimony given by one of the children, which is the prerogative of the trial court, not this Court. *McGonegal v McGonegal*, 46 Mich 66, 67; 8 NW 724 (1881). Considering all the evidence, and specifically: (1) Respondent mother's bizarre testimony that she would do anything to bring the children home but would have agreed with the children's wishes never to see her again, had the one child who stated she was sexually abused by the non-parent adult agreed to withdraw her allegation of sexual abuse; (2) Respondent's apparent lack of concern for the serious trauma the children suffered; (3) The trial court's readily discernable finding that the children would suffer additional harm if returned to respondent, based in part on respondent's physical abuse of the child, it is clear that the trial court's decision is amply supported. Additionally, respondent mother's clear disregard for the children's allegations further reflects an equal disregard for their well-being. I find that MCL 712A.19b(3)(j) has been more than adequately established by clear and convincing evidence.

Because I find one statutory ground for termination overwhelmingly established, I would not address the issue of the alleged sexual abuse because doing so is unnecessary. And as can be

seen from the lead opinion and the dissenting opinion, it is something about which there can be a serious debate. Not so with the physical abuse: It unequivocally occurred. Only the severity of the physical abuse is at all in question and again, I defer to the trial court's findings regarding credibility of the witnesses. *Id*.

Other than the sexual abuse allegation itself, I agree with the lead opinion's assessment of the best interests of the children. Consequently, I concur in affirming.

/s/ Amy Ronayne Krause