# STATE OF MICHIGAN

# COURT OF APPEALS

FRANK WOJCIK,

        Plaintiff,

v

MERCHANTS METALS, LLC,

        Defendant/Third Party Plaintiff-
        Appellant/Cross Appellee,

and

ACCESS AMERICA TRANSPORT, INC.,

        Third-Party Defendant/Cross-
        Plaintiff-Appellee,

and

DETERMINED TRANSPORTATION, LLC,

        Third-Party Defendant/Cross-
        Defendant-Appellee/Cross-
        Appellant.

UNPUBLISHED
October 2, 2018

No. 338682
Livingston Circuit Court
LC No. 16-028830-NI

Before: RONAYNE KRAUSE, P.J., and GLEICHER and LETICA, JJ.

PER CURIAM.

       In this indemnification matter, which began as a personal injury lawsuit, Merchants Metals, LLC ("Merchants") appeals by right an order granting summary disposition in favor of Access America Transport, Inc. ("Access") but does not appeal an order granting summary disposition in favor of Determined Transportation, LLC ("Determined"). Notwithstanding the

-1-

grant of summary disposition in its favor, Determined cross-appeals an earlier order in which the trial court denied its first motion for summary disposition.[1] We affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

The original lawsuit arose out of injuries suffered by Frank Wojcik, the sole owner and member of Determined, who at the time was working as a trucker. Merchants had contracted with Access to obtain a carrier for certain materials, and Access contracted with Determined. Both contracts included indemnification agreements. Wojcik was injured when he was struck by a bundle of fencing material falling from his truck. Merchants had loaded the fencing material onto the truck. Wojcik sued Merchants, alleging that Merchants's employees had negligently loaded the materials. Merchants then demanded indemnification from Access. Access refused to indemnify Merchants and instead demanded indemnification from Determined. Determined refused to indemnify Access. Merchants additionally asserts that it is a third-party beneficiary of the contract between Determined and Access. Wojcik and Merchants settled the underlying personal injury claim, leaving the various indemnification claims.

Determined's first motion for summary disposition was against both Merchants's third-party claim and Access's cross-claim. This motion was premised on the argument that there was no genuine issue of material fact, because Merchants's settlement was based on its own negligence, for which Determined could not be held responsible under any of the indemnification provisions. The trial court denied that motion on the ground that further factual development was necessary. That denial is the basis of Determined's cross-appeal.

Merchants then filed a motion for summary disposition, asking the trial court to declare as a matter of law that the Merchants-Access Contract obligated Access to indemnify Merchants for any portion of the settlement amount not attributable to Merchants's own negligence, and that Determined was also liable to Merchants under the Access-Determined Contract. In turn, Access sought summary disposition on the ground that it had no duty to defend or indemnify Merchants because it had no culpability for Wojcik's injuries and because the settlement amount reflected Merchants's negligence only. After a hearing on the cross-motions, the trial court granted summary disposition in favor of Access pursuant to MCR 2.116(C)(10), holding that under the indemnification provision in the Merchants-Access Contract, Access was not responsible for "the negligence of the shipper [Merchants] and how [the] product got loaded." That grant is the basis of Merchants's appeal.

Subsequently, Determined again filed motions for summary disposition against both Merchants and Access, arguing that Merchants was not a third-party beneficiary to the Access-Determined Contract and, therefore, that Merchants had no viable claim against it. The trial

---

[1] We denied Merchants' motion to dismiss the cross-appeal for lack of jurisdiction. *Wojcik v Merchants Metals, LLC*, unpublished order of the Court of Appeals, entered March 19, 2018 (Docket No. 338682) (noting that "the substance of the arguments presented in the cross-appellant's brief [could be considered] as a possible alternative ground for affirming the trial court's ultimate grant of summary disposition").

court granted both motions pursuant to MCR 2.116(C)(10). Neither Merchants nor Access appeals from these latter orders.

## II. STANDARD OF REVIEW

A grant or denial of summary disposition is reviewed de novo on the basis of the entire record to determine if the moving party is entitled to judgment as a matter of law. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). When reviewing a motion under MCR 2.116(C)(10), which tests the factual sufficiency of the complaint, this Court considers all evidence submitted by the parties in the light most favorable to the non-moving party and grants summary disposition only where the evidence fails to establish a genuine issue regarding any material fact. *Id*. at 120. We review the interpretation of a contract de novo as a question of law. *Rory v Continental Ins Co*, 473 Mich 457, 464; 703 NW2d 23 (2005). As with the interpretation of any other contract, the goal is to determine the intention of the parties, which will generally be determined solely from the plain language of the contract to the extent the language is unambiguous. *Zurich Ins Co v CCR & Co (On Rehearing)*, 226 Mich App 599, 603-604; 576 NW2d 392 (1997).

## III. INDEMNIFICATION OF MERCHANTS BY ACCESS

On appeal, Merchants argues that the trial court erred in granting Access summary disposition because the indemnification clause in the Merchants-Access Contract is not limited in any way and broadly requires Access to indemnify Merchants for any liability not stemming from Merchants's own negligence. Merchants further argues that by refusing to tender a defense and provide indemnification, Access breached the Merchants-Access Contract. We disagree.

The indemnification provision in the Merchants-Access Contract provides as follows:

> **INDEMNIFICATION.** Broker will, to the fullest extent permitted by law, indemnify, defend and hold Shipper, its agents, servants, employees and affiliated companies harmless from and against all claims, damages, losses, demands, actions and causes of action, suits and expenses, including but not limited to attorney fees, arising out of or in any way involving the activities or operations of Broker or its agents, servants, employees or officers. The obligations of Broker with respect to Shipper shall not be limited in any way by any limitation on the types or amounts of damages or benefits payable under any insurance policy or agreement between Broker and any other party, or under similar state and/or Federal law. Broker is not responsible for indemnification of Shipper or other indemnities [sic] negligence.

On the face of the contract, Access's obligation to indemnify Merchants appears to be triggered by "*all* claims . . . *arising out of* or in *any way involving* the activities or operations of" Access. (Emphasis added.) The only exception, as Access accurately points out, is for "Shipper or other indemnities [sic] negligence."

In construing an indemnification provision, our primary task is to honor the intent of the contracting parties. *Miller-Davis Co v Ahrens Constr, Inc*, 495 Mich 161, 174; 848 NW2d 95 (2014). Our truest guide to that intent is the language the parties used, which we consider

according to its plain and ordinary meaning. *Id*. This Court has explained that the intent of the parties to an indemnification provision "is determined through review of the contract language, the situation of the parties, and the circumstances involved in the initiation of the contract." *Ajax Paving Indus, Inc v Vanopdenbosch Constr Co*, 289 Mich App 639, 644; 797 NW2d 704 (2010). Ordinarily, "the terms 'all' or 'any' [would] provide for the broadest possible obligation to indemnify." *Miller-Davis Co*, 495 Mich at 175. However, we do not read contractual terms in isolation.

The term "arising out of" requires a "'causal connection'" that is "'more than incidental, fortuitous or but for.'" *Pacific Employers Ins Co v Mich Mut Ins Co*, 452 Mich 218, 224; 549 NW2d 872 (1996), quoting *Thornton v Allstate Ins Co*, 425 Mich 643, 650; 391 NW2d 320 (1986) (further quotation omitted). *Thornton* involved a no-fault insurance statute, MCL 500.3105(1), which obligates an insurer to pay personal protection insurance benefits "for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle[.]" *Thornton*, its predecessors, and its progeny hold that the "arising out of" language in MCL 500.3105(1) describes a causal relationship that need not rise to the level of proximate cause, but exceeds a causal connection that is merely "incidental, fortuitous or but for." Similarly, albeit again in a statutory context, our Supreme Court has explained that the phrase "arising out of" "suggest[s] a causal connection between two events of a sort that is more than incidental." *People v Johnson*, 474 Mich 96, 101; 712 NW2d 703 (2006). "Something that 'aris[es] out of,' or springs from or results from something else, has a connective relationship, a cause and effect relationship, of more than an incidental sort with the event out of which it has arisen." *Id*. (alteration by the *Johnson* Court).

We conclude that the identical language in the Merchants-Access Contract should be identically understood. Consequently, "arising out of" mandates a closer causal connection than merely "but for" between Access's conduct and Wojcik's injuries. Similarly, we find that the word "involving" must also be understood in a practical manner. To "involve" means to "include (something) as a necessary part or result," or to "cause (a person or group) to experience or participate in an activity or situation." *The New Oxford American Dictionary* (3d ed, 2010), p 915. Access's conduct was unambiguously limited to, in effect, "playing matchmaker" by introducing a shipper and a trucker to each other. Once the match is made, Access's involvement is complete. Wojcik's truck provided the location of his injury, but the issue presented in this matter was whether the truck had been properly loaded. Access's "activities or operations" did not include loading or unloading the truck. We find that Wojcik's injury was simply too attenuated from Access's brokerage activities or operations to permit a finding that it "arose out of" Access's involvement. See *McPherson v McPherson*, 493 Mich 294, 297 n 4; 831 NW2d 219 (2013).

Because we conclude that the relevant facts in this matter do not "arise from" or "involve" Access's actions or its brokerage duties under the contract, summary disposition in favor of Access was properly granted. We need not address the other arguments presented by the parties pertaining to this issue, and we decline to do so.

IV. INDEMNIFICATION OF MERCHANTS BY DETERMINED

On cross-appeal, Determined argues that the trial court erroneously denied a motion for summary disposition in favor of Determined. Specifically, Determined argues that the settlement between Merchants and Wojcik constituted a release only of liability for damages caused by Merchants's own negligence. Consequently, because the indemnification provision in the Access-Determined Contract applies only to Determined's own negligence, and the indemnification provision in the Merchants-Access Contract excludes Merchants's own negligence, Determined has no potential indemnification liability for any portion of the settlement amount. We disagree that summary disposition was proper at the time.

"It is well-settled that if an indemnitor denies liability and refuses to assume the defense of a claim under a contract of indemnity, the indemnitee, without waiving its right to indemnification, may enter into a good faith, reasonable settlement with the claimant." *Grand Trunk Western RR, Inc v Auto Warehousing Co*, 262 Mich App 345, 358; 686 NW2d 756 (2004). After an indemnitee settles a lawsuit, fault can still be determined and apportioned, and the indemnitor will be liable to reimburse the indemnitee for its share of the settlement. *Zahn v Kroger Co of Mich*, 483 Mich 34, 37-40; 764 NW2d 207 (2009). Significantly, the settlement between Wojcik and Merchants did not in any way establish fault. "The settlement of a dispute between two parties does not constitute an adjudication of the claims involved in the dispute. Rather, a settlement merely admits the existence of a dispute and that an amount is paid to be rid of controversy." *Protective Ins Co v American Mut Liability Ins Co*, 143 Mich App 408, 417 n 4; 372 NW2d 577 (1985) (quotation marks and citation omitted); see also *Walbridge Aldinger Co v Walcon Corp*, 207 Mich App 566, 573; 525 NW2d 489 (1994). Additionally, the indemnification provision in the Merchants-Access Contract does not appear to provide an exemption for Determined's or Wojcik's negligence, if any could be established.

Not only was the settlement not an admission of negligence, but the release explicitly stated that "Wojcik understands that this Agreement has been made as a compromise of a disputed claim without any admission of liability by Merchants, which liability it denies." Without the establishment of negligence on the part of Merchants or Wojcik, Access remained potentially bound to indemnify Merchants for any amount not determined to be attributable to Merchants's negligence, and Determined likewise remained potentially bound to indemnify Access to the extent of any liability for its own negligence or wrongful acts. See *Walbridge Aldinger*, 207 Mich App at 573.

If the matter had gone to trial, pursuant to MCL 600.2959,[2] Merchants would only have been responsible for paying its share of apportioned fault, and the Merchants-Access Contract unambiguously exempts Access from indemnifying Merchants for Merchants's own negligence. However, as was the case in *Grand Trunk*, the indemnification provision at issue here includes a coincident duty to defend. Having settled the claim, Merchants "need only show *potential*

_____

[2] MCL 600.2959 provides: "In an action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death, the court shall reduce the damages by the percentage of comparative fault of the person upon whose injury or death the damages are based . . ."

liability if the indemnitor [Access] had notice of the claim and refused to defend." *Grand Trunk*, 262 Mich App at 353-355 (emphasis in original). Critically, no factual determination had yet been made regarding the parties' comparative faults, and the trial court had not yet determined that Access was not liable under the Merchants-Access Contract. At the time the trial court denied Determined's motion for summary disposition, it properly determined that genuine questions of material fact remained outstanding. Summary disposition was therefore properly denied.[3]

## V. CONCLUSION

The trial court's orders are affirmed. Access, having prevailed on appeal, may tax costs on appeal. Merchants, having prevailed on cross-appeal, may tax costs on cross-appeal.

/s/ Amy Ronayne Krause
/s/ Elizabeth L. Gleicher
/s/ Anica Letica

---

[3] We express no opinion as to Determined's potential liability under its indemnification agreement with Access, because that issue is not before us.