*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DEPARTMENT OF ENVIRONMENTAL
QUALITY,

        Plaintiff-Appellee,

v

GARY SANCRANT and TONYA SANCRANT,

        Defendants-Appellants.

FOR PUBLICATION
June 24, 2021

No. 351904
Ingham Circuit Court
LC No. 18-000223-CE

Before: JANSEN, P.J., and M. J. KELLY and RONAYNE KRAUSE, JJ.

RONAYNE KRAUSE, J. *(concurring in part and dissenting in part)*

I concur entirely with the majority's analysis and determination that this proceeding and order are not precluded by the 2018 criminal proceeding and misdemeanor judgment. I respectfully disagree with the majority that Tonya can be found liable on this record. I would affirm as to Gary and reverse as to Tonya.

I need not repeat most of the majority's discussion of the facts or the relevant law, because my disagreement pertains only to how the majority treats the word "permit" in the context of MCL 324.30304. As the majority observes, the word is not defined in the statute. The courts "generally give[] undefined terms their plain and ordinary meanings and may consult dictionary definitions in giving such meaning," but those words must also be considered in context and "in light of the overall statutory scheme." *Honigman Miller Schwartz and Cohn LLP v City of Detroit*, 505 Mich 284, 305-307; 952 NW2d 358 (2020). The statute unambiguously uses "permit" as a verb, which *Merriam-Webster's Collegiate Dictionary* (11th ed) defines as "to let through," "to let go," "to consent to expressly or formally," "to give leave," "to make possible," or "to give an opportunity." I do not necessarily disagree with the majority that the criminal cases upon which defendants rely are of doubtful applicability as to MCL 324.30304. I also do not disagree with the majority that permitting something does not require actively facilitating it.

However, presuming the statute imposes "strict liability," under which an actor's *mens rea* is obviated, an *actus reus* remains mandatory. *People v Likine*, 492 Mich 367, 392-393; 823 NW2d 50 (2012). It is therefore not enough for Tonya to have known about the road construction and

-1-

wetlands destruction, nor is it enough for Tonya to have benefitted. Implicitly, it was necessary for Tonya to do something more than merely fail to intercede. Even if MCL 324.30304 were to impose strict liability for a mere failure to act, the principle of strict liability is founded upon the defendant having the actual power to engage in that act. *Likine*, 492 Mich at 393-398. Although *Likine* involved criminal penalties, I would find its reasoning equally applicable to a civil proceeding involving a non-trivial penalty. Therefore, "permitting" the placement of material in a wetland or the removal of material from a wetland under MCL 324.30304 necessarily requires, at a minimum, that the person had the realistic power to *prevent* that placement or removal.

Put simply, there is no evidence in this record that Tonya had the power to prevent Gary from engaging in the road construction and wetlands destruction project. Like the majority, I find no clear error in the trial court's findings that Tonya knew about the project and benefitted from the project. Furthermore, it is inherently within the trial court's purview to evaluate the credibility of the witnesses who appeared before it. *McGonegal v McGonegal*, 46 Mich 66, 67; 8 NW 724 (1881); *In re Loyd*, 424 Mich 514, 535; 384 NW2d 9 (1986). Nevertheless, "doubt about credibility is not a substitute for evidence of guilt." *People v Wolfe*, 440 Mich 508, 519; 489 NW2d 748 (1992). Although the trial court correctly recognized that a husband and wife may both be found liable for violating the act, the trial court failed to note that in the case it cited, both the husband and wife engaged in filling the wetlands. *DEQ v Gomez*, 318 Mich App 1, 6-8; 896 NW2d 39 (2016). There is no dispute here that Tonya was not physically involved in any of the construction or destruction, and being married to someone confers no right of control over that person.

It appears that the evidence in fact revealed that Tonya was not involved in Gary's project at all, with the *sole* exception of drafting an invoice for West Branch Collision at Gary's request. The invoice, proclaiming itself a "Statement & Repair Order" with a West Branch Collision letterhead, reflects that several repairs were performed to a Ford F-350 truck owned by Kurt Zettel, in exchange for "(No charge) Exchange for use of equipment – U.P. Cabin." As the majority notes, this is a reference to Zettel having loaned Gary an excavator for construction of the road. As discussed, I take no issue with the trial court's credibility assessment and conclusion that Tonya understood the significance of the invoice. Nevertheless, Gary explained that West Branch Collision was his and his mother's business, not Tonya's. Tonya did some clerical work and ran errands for the shop, but also "t[ook] care of bowling and church stuff" while at the shop. There is no evidence Tonya had any control over Gary or how Gary ran his own business; she was essentially just a scrivener. The invoice itself is merely a memorialization of a business decision made by Gary, and to hold otherwise would be the inverse of *respondeat superior*: holding a low-level employee liable for a decision made by the business owner.

Knowledge of an activity or proposal is a necessary prerequisite to being able to grant permission or to interfere with that activity or proposal. However, it is not enough. The Legislature can impose strict liability for a failure to act, but it cannot generally punish a person for failing to undertake an act, or failing to stop an act, that the person had no power to effectuate. The trial court made no finding that Tonya had any practical ability to prevent Gary's road construction and wetlands destruction project, nor would any such finding appear warranted on this record. Therefore, I am definitely and firmly convinced that the trial court made a mistake by

imposing liability upon Tonya based on her mere knowledge of and benefit from the project.  I would reverse as to Tonya.

/s/ Amy Ronayne Krause